In the Matter of Property Seized From; Richard SOPOCI, Appellant.

No. 89–1951.

Supreme Court of Iowa.

April 17, 1991.

Timothy W. Shuminsky, Shuminsky, Shuminsky & Molstad, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Richard Bennett and Sarah J. Coats, Asst. Attys. Gen., Thomas S. Mullin, County Atty., and Kandice Wilcox, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Richard Sopoci, the owner of a 1989 Sylvan Barritz boat and the EZ Loader boat trailer on which it was housed, appeals from an order approving the State's forfeiture of this property pursuant to Iowa Code section 809.1(2)(c) (1989). He challenges the court's failure to hold a hearing on the proposed forfeiture within the thirty-day period following his notice of ownership as specified in Iowa Code section 809.-10(2). Upon considering the arguments presented, we affirm the judgment of the district court.

On August 17, 1989, the State seized and sought to forfeit Sopoci's boat and trailer on the ground that they were acquired through the proceeds of a criminal offense. *See* Iowa Code § 809.1(2)(c). On September 12, 1989, Sopoci made claim for return of the property. This triggered the thirty-day period for holding a hearing on such claims under section 809.10(2). The hearing was originally scheduled to be held on October 11, 1989, the twenty-ninth day following the filing of claim. On the State's motion and over Sopoci's objection, the district court, on October 11, continued the hearing to October 13. The hearing was held on October 13, and the court approved forfeiture based on its finding that the property was acquired from the proceeds of a criminal offense.

In challenging the order approving the forfeiture of his property, Sopoci does not take issue with the court's findings on the merits. Nor does he contend that reasons did not exist for continuing the hearing beyond the thirty-day period. His only point is that the thirty-day period for holding a hearing as fixed in section 809.10(2) is jurisdictional. From this premise, he argues that the forfeiture proceedings are void and of no force or effect. We disagree with that contention.

In analyzing the effect of the time limitation imposed by section 809.-10(2), we believe the issue is not whether

the court is subjected to an obligatory duty to hold a hearing within the specified period but rather whether its failure to do so should invalidate the forfeiture proceeding. The issue is somewhat analogous to that which was before the court in *Taylor v. Department of Transportation*, 260 N.W.2d 521 (Iowa 1977). In that case, we observed:

> The mandatory-directory dichotomy does not refer to whether a statutory duty is obligatory or permissive but instead relates to whether the failure to perform an admitted duty will have the effect of invalidating the governmental action which the requirement affects.

*Id.* at 523. The test for determining when governmental action not conforming to statutory mandates should be invalidated was stated as follows in *Taylor:*

> If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.

*Id.* at 522–23.

Sopoci argues that because the forfeiture of property is a quasi-criminal procedure the State must strictly adhere to prescribed statutory procedures. We fail to see why the mandatory-directory dichotomy espoused in *Taylor* is less applicable to a statutory proceeding for the forfeiture of property than a statutory proceeding to revoke a driver's license. Indeed, even in contempt actions which are more nearly quasi-criminal than the present case, we have drawn a distinction for jurisdictional purposes between those actions required to initiate a proceeding and the steps within the proceeding which thereafter follow. *See Sharkey v. Iowa Dist. Court*, 461 N.W.2d 320, 323 (Iowa 1990).

In applying the *Taylor* standard, we fail to perceive why it was essential to accomplishing the purpose of the statutes relating to forfeiture of property that the hearing in the present case be held on October 11 rather than October 13. Although the thirty-day period prescribed in section 809.-10(2) doubtless reflects the legislature's view as to the preferred time frame in which the court should act, we cannot read into this statute the intent to deny the court the power to act beyond that time should exigencies require it to do so.

Our view that the hearing time fixed by section 809.10(2) is not jurisdictional is buttressed by comparing the language of that statute to the language of section 809.8. Section 809.8 provides that the notice of forfeiture which the State must file with the clerk of the district court "shall be filed not later than one year after the date upon which the state learned that the property was forfeitable or not later than six months after the property was seized, whichever is later." In speaking to the consequences of the State's failure to meet this time limit, this statute provides, *"[f]ailure to file within that time terminates the state's right to claim a forfeiture of the property."* Iowa Code § 809.8 (Emphasis added.) [1]

Unlike section 809.8, there is no provision in section 809.10(2) that a failure to abide the time requirement established by the statute is fatal to the State's effort to forfeit the property. The absence of such a provision in the latter statute suggests, we believe, that the thirty-day hearing requirement was not intended to be jurisdictional.

We have considered all arguments presented and find no basis for reversal of the district court's order. The judgment of the district court is affirmed.

AFFIRMED.

---

**1.** Similarly, in fixing the time in which a claim for return of forfeitable property must be filed, § 809.9 states that a person claiming ownership shall file application "within thirty days after the receipt of the notice of forfeiture, *and failure to file the application within this time period terminates the interest of the person.*" (Emphasis added.)