**STATE of Iowa, Appellant,**

v.

**Judith Ann BLAKLEY, Appellee.**

No. 94–1176.

Supreme Court of Iowa.

June 21, 1995.

As Amended on Denial of Rehearing August 4, 1995.

Thomas J. Miller, Atty. Gen., Mary Tabor, Asst. Atty. Gen., J. Patrick White, County Atty., and Richard Westphal, Asst. County Atty., for appellant.

Mark C. Meyer of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In this discretionary review, we must decide whether the State's motion to amend sentence to include restitution was untimely under Iowa Code section 910.3 (1993). The district court thought so and refused to allow the State's requested amendment because it was filed some nine months after sentencing.

We conclude the district court erred in interpreting section 910.3. We reverse the district court's order denying the State's sentencing amendment. We remand for hearing on the defendant's remaining objection to the State's motion.

On the evening of February 26, 1993, Iowa City police officers responded to an emergency call. At the scene they discovered a man bleeding from a deep gash on his left temple. The victim identified two individuals as his attackers. One of them was Judith Ann Blakley.

On March 22, 1993, the State filed a single-count trial information against Blakley, alleging assault causing injury. *See* Iowa Code §§ 708.1(1), 708.2(2), and 703.1. Blakley initially entered a plea of not guilty. On August 17, 1993, Blakley entered a change of plea and submitted a written plea of guilty to the charge. The plea agreement contained the State's recommendation that Blakley pay restitution.

The court accepted the plea agreement. In the "change of plea, judgment and sentence," the court ordered Blakley to "pay appropriate restitution to the victim." The document also advised Blakley that "[i]f there is a dispute as to the amount of restitution, further hearing will be scheduled." In the notice to Blakley of payment due, the Johnson county clerk of court indicated the amount of victim restitution was "to be determined."

On May 23, 1994—about nine months later—the State moved to amend

the sentence of the defendant to reflect crime victim assistance program restitution in the amount noted on the attached statement of pecuniary damages. The amendment is requested for the reason that an award has been made by the crime victim assistance program on behalf of the victim in this case.

The motion states further that "[t]his amendment is submitted in addition to previously ordered restitution as the crime victim assistance program has paid additional compensa-

tion *since the time of sentencing."* (Emphasis added.)

Attached to the motion is a document captioned "statement of pecuniary damages." In it, the county attorney states that the crime victim assistance program "has paid $357.40 as the result of defendant's criminal activities and is entitled to restitution. A summary of the payments to be reimbursed is attached." The attached summary indicates that on May 12, 1994, the crime victim assistance program paid the University of Iowa Hospitals $357.40.

The court granted the State's motion to amend sentence to include this amount unless Blakley objected within ten days from the filing date of its order. Blakley did object in a timely manner. Her objections were two. First, she contended that the University of Iowa Hospitals was not a "victim" under any chapter 910 definition. Second, she contended that the State's motion was untimely under chapter 910. At the hearing on the State's motion to amend, the court concluded the motion was untimely under section 910.3.

The State filed a petition for a writ of certiorari and a request for discretionary review, challenging the district court's order denying its motion to amend. We granted the request for discretionary review in a single-justice ruling. Blakley applied to us for review of the single-justice ruling, which the State resisted. A three-justice panel affirmed the single-justice ruling.

■ Interpretation of a statute is a legal question. So our review is at law. Iowa R.App.P. 4.

■ I. Iowa Code section 910.3 states in pertinent part:

The county attorney shall prepare a statement of pecuniary damages to victims of the defendant and, if applicable, any award by the crime victim assistance programs.... If pecuniary damage amounts are not available at the time of sentencing, *the county attorney shall provide a statement of pecuniary damages incurred up to that time.... The statement shall be provided no later than thirty days after sentencing....* At the time of sentencing

or *at a later date to be determined by the court, the court shall set out the amount of restitution....* If the full amount of restitution cannot be determined at the time of sentencing, the court shall issue a temporary order determining a reasonable amount for pecuniary damages incurred up to that time, any award by the crime victim assistance programs, court-appointed attorney's fees or the expense of a public defender, and court costs. *At a later date as determined by the court, the court shall issue a permanent, supplemental order, setting the full amount of restitution.* The court shall enter further supplemental orders, if necessary. These court orders shall be known as the plan of restitution.

(Emphasis added.)

Section 910.1 defines pecuniary damages as

all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium. Without limitation, *"pecuniary damages"* includes damages for wrongful death and expenses incurred for psychiatric or psychological services or counseling or other counseling for the victim which became necessary as a direct result of the criminal activity.

The district court order rejected the State's restitution amendment, stating: "The court orders that the claim for restitution be, and is hereby disallowed under section 910[.3] in that the claim is not timely."

The State contends that the district court's "interpretation" of section 910.3 is erroneous on two grounds. First, this interpretation is contrary to the plain language of section 910.3. Second, under our rules of statutory construction, this interpretation offends the legislative purpose behind enactment of victim restitution statutes generally.

Blakley replies that the language "the county attorney shall provide a statement of pecuniary damages incurred ... no later than thirty days after sentencing" in her words "specifically and unambiguously re-

quires that a statement of pecuniary damages be filed at the time of sentencing or within thirty days thereafter." Blakley contends the State procedurally defaulted when it did not provide a statement of pecuniary damages incurred at the time of sentencing or no later than thirty days after sentencing. And for this reason, Blakley concludes, no restitution is owed. In essence, Blakley is arguing that the thirty-day requirement in section 910.3 is jurisdictional: The State's failure to comply with this time requirement terminates the victim's right to restitution under Iowa Code chapter 910.

■ We resort to statutory construction only when necessary to carry out legislative intent. *Krull v. Thermogas Co.*, 522 N.W.2d 607, 612 (Iowa 1994) (citation omitted). When the meaning of a statute is evident from the words used, statutory construction is unnecessary. *Meier v. Sac & Fox Indian Tribe*, 476 N.W.2d 61, 63–64 (Iowa 1991). Here, statutory construction is not necessary. The meaning of section 910.3 is evident from the words used.

■ We agree with the State that the language Blakley relies on refers only to the filing of a statement of pecuniary damages incurred by the victim *up to the time of sentencing.* The nature of the crime, the types of injuries a victim sustains, the extent of a victim's injuries, and the amount of damages covered by a victim's insurer will determine at what point the victim's total pecuniary damages become fixed and ascertainable. A victim's total pecuniary damages easily may not be fixed and ascertainable at the time of sentencing.

The legislature recognized these facts by adding the language contained in the balance of section 910.3. We refer to the statements "at a later date to be determined by the court, the court shall set out the amount of restitution," and "[a]t a later date as determined by the court, the court shall issue a permanent, supplemental order, setting the full amount of restitution." These statements clearly contemplate that in cases where the victim incurs pecuniary damages after the time of sentencing, (1) the State may file a motion to amend sentence more than thirty days after sentencing, and (2) the court will issue supplemental restitution orders for pecuniary damages the victim incurs after the time of sentencing.

■ II. The State's motion indicates that the crime victim assistance program paid the victim compensation since the date of the sentence. However, the record is silent on when the victim allegedly incurred the $357.40 in pecuniary damages. He may have incurred the damages *before* sentencing at a time when the State had ample time to provide the sentencing court with this information. The question then arises whether the thirty-day requirement in section 910.3 bars restitution. We think for several reasons the legislature intended no such result.

We agree with the State that the thirty-day requirement in section 910.3 is merely directory and not mandatory. We explained the dichotomy between mandatory and directory this way:

> To decide whether [a] statutory provision is mandatory or directory, we look to the purpose the legislature intended it to serve. If the duty imposed by the provision is essential to the main objective of the whole statute, the provision is mandatory, and failure to perform the duty will invalidate subsequent proceedings under the statute. But when the duty is not essential to the main statutory objective, the provision is directory, and failure to perform the duty under it will not affect the validity of subsequent proceedings unless prejudice is shown.

*Downing v. Iowa Dep't of Transp.*, 415 N.W.2d 625, 628 (Iowa 1987) (citations omitted).

■ The main objective of the restitution statute is two-fold: to protect the public and to rehabilitate the defendant. *State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986). We fail to see how either objective is served by our interpreting the thirty-day requirement in section 910.3 as jurisdictional. Rather, we see this language as the legislature's way of ensuring that restitution is determined promptly.

Recently, we applied the same analysis to a thirty-day notice requirement in our forfei-

ture statute. *See In re Sopoci*, 467 N.W.2d 799 (Iowa 1991). Iowa Code section 809.10(2) requires that a hearing on a claim for return of seized property be held within thirty days of the date the claim is filed. As here, the claimant in *Sopoci* contended that (1) the thirty-day period for holding a hearing as fixed in section 809.10(2) was jurisdictional, and (2) a failure to hold the hearing within that time invalidated the forfeiture proceedings. Rejecting these contentions, we applied the mandatory-directory dichotomy:

> [W]e fail to perceive why it was essential to accomplishing the purpose of the statutes relating to forfeiture of property that the hearing in the present case be held on October 11 rather than October 13. Although the thirty-day period prescribed in section 809.10(2) doubtless reflects the legislature's view as to the preferred time frame in which the court should act, we cannot read into this statute the intent to deny the court the power to act beyond that time should exigencies require it to do so.

*In re Sopoci*, 467 N.W.2d at 800.

In concluding that the hearing time fixed by section 809.10(2) is not jurisdictional, we looked to Iowa Code section 809.8(2). Section 809.8(2) requires the State to file a notice of forfeiture with the clerk of the district court no later than one year from the time the State "learned that the property was forfeitable or not later than six months after the property was seized, whichever is later." Section 809.8(2) then provides that "[f]ailure to file within that time terminates the state's right to claim a forfeiture of the property." Because section 809.10(2) contained no similar terminating provision, we concluded that the thirty-day hearing requirement was not intended to be jurisdictional. *Id.*

Likewise here, there is no provision in section 910.3 that the failure of the State to abide the time requirement in this statute is fatal to the State's effort to secure restitution for crime victims. Had the legislature intended such a consequence, it would have been easy to have said so. Because the legislature did not say so, we conclude the thirty-day language in section 910.3 was not intended to be jurisdictional.

■ III. Blakley seeks to uphold the district court's ruling on another ground. She claims the State failed to present any evidence that the victim or crime victim assistance program was entitled to restitution. As the State correctly points out, the following statement by defense counsel suggested to the court that the State need not present any such evidence until after the court ruled on the timeliness issue:

> Your Honor, I don't know too much about this except we received a notice saying that $357 had been spent, and our first question was relating to the timing of the request, but beyond that, I mean I assume that the payment was related somehow to injuries suffered by the victim, but that's impossible for me to know for sure based on what has been filed with the court. So, if the court was to decide the first issue, can you assess it six months later? The Code provides restitution requests have to made within thirty days. That matter—I would assume that would resolve the issue if you decide favorably with us. *If you don't, Mr. Westphal needs more time to show that this money was actually spent on the victim somehow, and I don't have a problem with that.* I think that it's just too late to file now. The Code states thirty days. That was the original basis for our objection.

(Emphasis added.)

We conclude Blakley waived any requirement that the State put on its whole case regarding restitution at the hearing on the State's motion.

IV. In the "change of plea, judgment and sentence" the court ordered Blakley to pay appropriate restitution. The court also advised Blakley that "[i]f there is a dispute as to the amount of restitution, further hearing will be scheduled." Later, the district court granted the State's motion to amend sentence to include the $357.40 restitution to the crime victim assistance program unless the defendant objected within ten days. Blakley's objection was two-fold: the University of Iowa Hospitals is not a victim and the State's motion was not timely.

We conclude the district court erred in ruling the State's motion was untimely. We therefore reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED WITH DIRECTIONS.**