**STATE of Iowa, Appellee,**

v.

**Judith BLAKLEY, Appellant.**

No. 95–1738.

Supreme Court of Iowa.

Oct. 23, 1996.

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, J. Patrick White, County Attorney, and Richard D. Westphal, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

The question is whether the State is barred from seeking victim restitution from a defendant where the State fails to file a statement of pecuniary damages within thirty days of sentencing as provided by Iowa Code section 910.3 (1995). We conclude it is not and affirm.

In August 1993, Judith Blakley entered a written guilty plea to assault causing injury in violation of Iowa Code sections 708.1(1), 708.2(2), and 703.1 (1995). The district court accepted the plea agreement and sentenced Blakley to serve forty-eight hours in jail plus payment of restitution. The State, however, failed to file a statement of pecuniary damages within thirty days as required by section 910.3. Ten months later, the State filed a motion to amend the sentencing order to reflect crime victim assistance program restitution for the assault victim's hospital bills

totaling $357.40. These expenses were incurred in late February and early March 1993, but were not paid until May 12, 1994.

The court granted the State's motion to amend the sentence to include restitution, unless Blakley objected. Blakley filed two objections. First, she claimed the University of Iowa Hospitals was not a victim as defined in Iowa Code chapter 910. Second, she alleged that the State's motion was untimely. A restitution hearing was held, following which the district court rejected the State's restitution claim as untimely under section 910.3.

The State subsequently filed, and this court granted, an application for discretionary review. We reversed, reasoning that the thirty-day time limit in section 910.3 was directory, not mandatory, and failure to abide by the directive did not prevent the court from entering a supplemental restitution order. *State v. Blakley*, 534 N.W.2d 645, 648–49 (Iowa 1995) [hereinafter *Blakley I*]. We remanded the case for a hearing on Blakley's remaining claim that the University of Iowa Hospitals was not a victim. *Id.* at 650.

On remand, Blakley conceded the correctness of the payment due the hospital for injuries sustained by her assault victim. But she renewed her contention that the State's attempt to collect the sum was untimely, claiming the court was without authority under section 910.3 to amend the sentence to include it. The court rejected Blakley's argument, observing that the holding of *Blakley I* "seems to be that the time requirement [of section 910.3] is simply a suggestion rather than a standard." This appeal by Blakley followed.

I. We did not mean to suggest in *Blakley I* that the State has no obligation to promptly furnish the court, and the defendant, a statement of pecuniary damages sustained by the crime victim. We merely observed, consistent with the statutory language, that a victim's total damages may not be ascertainable at the time of sentencing. *Id.* at 648. Based on the overriding corrective and rehabilitative objectives of section 910.3, we ruled the mere failure to abide the statute's time requirements was not fatal to the court's jurisdiction. *Id.* at 649.

■ II. The record before us reveals that although the victim's damages were complete well before the sentencing hearing, the bill for medical expenses provided by the hospital was not submitted to the State by the crime victim compensation program until many months afterward. The State promptly furnished the court with the required statement of pecuniary damages as soon as the figures were available. It was within the court's discretion to enter "at [this] later date" a supplemental order "setting the full amount of restitution." Iowa Code § 910.3.

Had Blakley suffered prejudice by reason of the delay, the court could have weighed that factor in reaching its decision. *See In re A.E.O.*, 437 N.W.2d 238, 240 (Iowa 1989) (where mechanistic application of time periods would defeat statute's primary objective, no reversal warranted without showing of prejudice). Blakley makes no such claim here. Similarly, a court—in the proper case—might deny the State's motion where no good cause justifies departure from the statutory deadline. That is not the case here. Accordingly, we affirm the judgment for restitution entered by the district court.

**AFFIRMED.**