**STATE of Iowa, Appellee,**

v.

**Jeffrey Joe GRIMES, Appellant.**

**No. 96–422.**

Supreme Court of Iowa.

Sept. 17, 1997.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Victoria Siegel, County Attorney, and Ron Kelly, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LARSON, Justice.

A Wapello County jury found Jeffrey Grimes guilty of the crimes of first-degree burglary, Iowa Code § 713.3 (1995), domestic abuse assault, Iowa Code § 708.2A(2)(a), and domestic abuse assault causing bodily injury, Iowa Code § 708.2A(2)(b), all committed against the same victim. In sentencing Grimes, the court ordered that he serve at least one-half of the statutory twenty-five-year sentence for the first-degree burglary conviction before being considered for work release or parole. *See* Iowa Code § 902.11 (minimum incarceration required if defendant previously convicted of forcible felony or "crime of a similar gravity"). The court also considered at sentencing a victim impact statement under Iowa Code section 910A.5 that the defendant claims was unsigned and thus invalid. We affirm the convictions but vacate the sentence for first-degree burglary and remand for resentencing on that charge.

## I. *Application of Iowa Code Section 902.11.*

Iowa Code section 902.11 provides:

A person serving a sentence for conviction of a felony who has a criminal record of one or more prior convictions *for a forcible felony or a crime of a similar gravity in this or any other state*, shall be denied parole or work release unless the person has served at least one-half of the

maximum term of the defendant's sentence.

(Emphasis added.)

■ The sentencing court ruled that Grimes had been convicted of a forcible felony, third-degree kidnapping, thus triggering the minimum incarceration provision of Iowa Code section 902.11. However, Grimes argues the third-degree kidnapping case was not a "prior" forcible felony because his conviction on that charge occurred seven months after the commission of the first-degree burglary for which he was being sentenced. The State concedes that this was error; it argues, however, that a 1987 conviction of second-degree burglary was sufficient to trigger section 902.11 because it was a "crime of a similar gravity."

## II. *Second-Degree Burglary as a Forcible Felony or Crime of a Similar Gravity.*

The State concedes that second-degree burglary is not listed as a forcible felony in the statutory definition of that term. Iowa Code section 702.11 provides this definition:

A *"forcible felony"* is any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, arson in the first degree, or burglary in the *first* degree.

(Emphasis added.) The State argues that, while second-degree burglary is not included in this laundry list, it should nevertheless qualify as a predicate for the application of section 902.11 because it is a "crime of a similar gravity."

A crime of a similar gravity is not defined in the Code, but we think it does not include second-degree burglary. First, it is obvious that second-degree burglary was not considered by the legislature to be of a gravity similar to that of first-degree burglary. If it had, it would simply have provided that "burglary" is a forcible felony without specifying only first-degree burglary.

Moreover, the statutory list of forcible felonies under Iowa Code section 702.11 includes only crimes that involve a risk to persons (child endangerment, assault, murder, sexual abuse, kidnapping, first-degree arson, and first-degree burglary). The crime of second-degree burglary, as defined in 1987 when the conviction occurred, did not involve an element of victim risk. *See* Iowa Code §§ 713.3, 713.5 (1987) (first-degree burglary committed if person possesses dangerous device or weapon or inflicts injury on another; second-degree burglary is "[a]ll burglary which is not burglary in the first degree").

We conclude that the 1987 conviction for second-degree burglary did not involve the type of victim risk contemplated by the statutory definition of a forcible felony or a crime of a similar gravity. The court erred in concluding otherwise. We therefore vacate the sentence for first-degree burglary and remand for resentencing.

## III. *The "Unsigned" Victim Impact Statement.*

■ In sentencing Grimes, the court considered a victim impact statement prepared by his former girlfriend, who was the victim of the crimes for which he was sentenced. The statement detailed the traumatic effect upon her as a result of these crimes and the defendant's similar acts against her in the past. The defendant claims that because the statement was not signed it could not properly be considered.

The statute provides in relevant part:

A victim may file a signed victim impact statement with the county attorney, and a filed impact statement shall be included in the presentence investigation report. If a presentence investigation report is not ordered by the court, a filed victim impact statement shall be provided to the court prior to sentencing.

The court shall consider a filed victim impact statement in determining the appropriate sentence and in entering any order of restitution to the victim pursuant to chapter 910.

Iowa Code § 910A.5.

The defendant's factual predicate for his argument is questionable. The victim's name appears in the upper right-hand corner of the first page of the statement in the same unique half-printed/half-cursive style in which the remainder of the statement ap-

pears. It could thus be argued that the statement was signed, although not at the end of the statement. Further, the district court found that the statement was "apparently" signed by the victim, and two employees of the department of correctional services stated in their report that the victim had provided the statement.

 Even assuming that the statement was not actually signed, we believe this would not invalidate the sentencing proceeding because the statutory provision regarding signature is merely directory, not mandatory.

> To decide whether [a] statutory provision is mandatory or directory, we look to the purpose the legislature intended it to serve. If the duty imposed by the provision is essential to the main objective of the whole statute, the provision is mandatory, and failure to perform the duty will invalidate subsequent proceedings under the statute. But when the duty is not essential to the main statutory objective, the provision is directory, and failure to perform the duty under it will not affect the validity of subsequent proceedings unless prejudice is shown.

State v. Blakley, 534 N.W.2d 645, 648 (Iowa 1995) (quoting Downing v. Iowa Dep't of Transp., 415 N.W.2d 625, 628 (Iowa 1987) (citations omitted)).

The defendant argues that the main objective of the signature provision in the victim-statement statute is to guarantee the trustworthiness of the statement. The State responds that the purpose is to allow a victim to have input on sentencing and that it was motivated by the legislature's concern for the rights of victims.

The purpose stated by the legislature for enacting chapter 910A appears to support the State's argument by emphasizing the fair and compassionate treatment of victims. The legislature stated:

> It is the purpose of this Act to assure the fair and compassionate treatment of victims and witnesses of crimes and to increase the effectiveness of the criminal justice system by affording to them certain basic rights and consideration, and by reaffirming the criminal justice system's fundamental responsibility to victims and witnesses to ensure their equitable and fair treatment, protect them from intimidation and further injury, assist them in overcoming emotional and economic hardships resulting from criminal acts, and to keep them informed of the status of their case.

1986 Iowa Acts ch. 1178, § 1.

The wording of section 910A.5 does not indicate that signing is a mandatory requirement. The only reference to signature is in the first sentence where it is used in a merely descriptive sense: "A victim may file a signed victim impact statement...." Despite the statute's reference to signature, the express requirements for a victim impact statement do not include a signature by the victim. The statute provides:

> The victim impact statement shall:

> 1. Identify the victim of the offense.

> 2. Itemize any economic loss suffered by the victim as a result of the offense. For purposes of this paragraph, a pecuniary damages statement prepared by a county attorney pursuant to section 910.3, may serve as the itemization of economic loss.

> 3. Identify any physical injury suffered by the victim as a result of the offense with detail as to its seriousness and permanence.

> 4. Describe any change in the victim's personal welfare or familial relationships as a result of the offense.

> 5. Describe any request for psychological services initiated by the victim or the victim's family as a result of the offense.

> 6. Contain any other information related to the impact of the offense upon the victim.

Iowa Code § 910A.5.

A requirement that the statement be signed by the victim is not included in this list of requirements. We agree with the State that the reference to signature in the statute is directory, not mandatory, and the issue becomes whether the defendant was prejudiced by the court's consideration of the impact statement. See Blakley, 534 N.W.2d at 648.

■ Signed or unsigned it is unlikely that the victim impact statement would have played any substantial part in the trial court's decision on sentencing. The statement merely consisted of the victim's experiences with the defendant on the night of the crimes, her resulting fear of him, and the problems she had experienced in dealing with his lengthy history of violence against her. This was largely cumulative of the testimony by her at trial and the information contained in the presentence investigation report. We do not believe that under these circumstances there was a reasonable probability that the defendant was prejudiced by the court's consideration of the statement and therefore affirm on this issue.

We affirm all the convictions, but vacate the sentence for first-degree burglary and remand for resentencing on that charge.

**CONVICTIONS AFFIRMED; SENTENCE FOR FIRST–DEGREE BURGLARY VACATED; REMANDED FOR RESENTENCING.**