**Brian Robert STILLE, Petitioner–Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, Motor Vehicle Division, Respondent–Appellee.**

No. 00–1099.

Court of Appeals of Iowa.

Dec. 28, 2001.

Joseph G. Bertogli, Des Moines, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellee.

Considered by SACKETT, C.J., and MAHAN and HECHT, JJ.

MAHAN, J.

Petitioner appeals the decision of the district court which determined his deferred judgment for driving while barred could be considered a conviction for purposes of Iowa Code section 321J.21(2) (1999). Petitioner claims his deferred judgment should not be placed on his certified driving record. We affirm.

Brian Stille was charged with driving while barred, in violation of sections 321.560 and 321.561. The district court found Stille guilty of the crime charged and granted him a deferred judgment under section 907.3.

Stille was informed by the Iowa Department of Transportation that his deferred judgment would cause the period he was barred from driving to be extended under section 321J.21(2), which provides:

> In addition to the fine, the department, upon receiving the record of the conviction of a person under this section upon a charge of driving a motor vehicle while the license of the person was suspended, denied, revoked, or barred shall extend the period of suspension, denial, revocation, or bar for an additional like period, and the department shall not issue a new license during the additional period.

Stille asked the department to correct his driving record, claiming a deferred judgment should not be considered a conviction for purposes of section 321J.21(2). The

department responded that a deferred judgment should be counted as a conviction when the deferred judgment is for a driving related offense.

Stille filed a petition for judicial review. The district court determined the license barment extension found in section 321J.21(2) was not punitive, but was instead remedial. The court concluded that for this reason a deferred judgment could be considered a conviction for purposes of that statute. The court upheld the action of the department. Stille appealed.

 In this case we are presented with the question of whether a deferred judgment should be considered a conviction for purposes of section 321J.21(2). We apply rules of statutory construction only when the explicit terms of a statute are ambiguous. *Marcus v. Young*, 538 N.W.2d 285, 289 (Iowa 1995). Language which is unambiguous will be given its plain and rational meaning in light of the subject matter. *Id.* When we engage in statutory construction, the fundamental rule is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. *Iowa Dep't of Transp. v. Iowa Dist. Court*, 559 N.W.2d 615, 617 (Iowa 1997). In looking for legislative intent, we are guided by what the legislature actually said, rather than what it should or could have said. *State v. Hatter*, 414 N.W.2d 333, 337 (Iowa 1987).

The word "conviction" may have various meanings, depending on its purpose. *State v. Brodene*, 493 N.W.2d 793, 796 (Iowa 1992). The meaning of the term "conviction" may be considered a question of legislative intent. *State v. Hanna*, 179 N.W.2d 503, 508 (Iowa 1970). The interpretation of the word "conviction" was addressed by our supreme court:

> In the restricted or technical legal sense in which it is sometimes used, the word "conviction" includes the status of being guilty of, and sentenced for, a criminal offense, whether that status is established after confession of guilt by a guilty plea or after determination by a jury verdict upon an assertion of innocence. Stated otherwise technically the word means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt.
>
> In its general and popular sense and frequently in its ordinary legal sense, the word "conviction" is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty.

*State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986) (quoting *State v. Hanna*, 179 N.W.2d 503, 507–08 (Iowa 1970)).

The word "conviction" has been construed to have a relatively narrow and technical meaning where it appears in statutes used to enhance punishment, but has been given a broader definition when protection of the public has been at stake. *Id.* For example, a deferred judgment was considered a conviction for purposes of determining the number of a person's offenses for operating while intoxicated (OWI), leading to license revocation.[1] *State v. Blood*, 360 N.W.2d 820, 822 (Iowa 1985). The court stated that revocation for multiple OWI offenses was not intended as punishment to the driver, but was

---

1. *State v. Blood*, 360 N.W.2d 820, 821 (Iowa 1985), involves an interpretation of Iowa Code § 321.281(9) (1983), which has since been repealed. Section 321J.2(4)(b) now specifically provides that in determining if an OWI violation is a second or subsequent offense, deferred judgments are considered as previous offenses.

designed solely to protect the public from drivers who have demonstrated a pattern of driving while intoxicated. *Id.; see also State v. Maher*, 618 N.W.2d 303, 306 (Iowa 2000). In addition, under the restitution statute, section 910.2, the word "conviction" includes deferred judgments because protection of the public and rehabilitation of the offender are the purposes of the restitution statute. *Kluesner*, 389 N.W.2d at 373.

We find section 321J.21(2) was "not intended as punishment to the driver, but [was] designed solely for the protection of the public in the use of the highways." *See Blood*, 360 N.W.2d at 822; *Loder v. Iowa Dep't of Transp.*, 622 N.W.2d 513, 515 (Iowa Ct.App.2000). As noted above, when the protection of the public has been at stake, the term "conviction" has been given a broader definition. *See Kluesner*, 389 N.W.2d at 372. Thus, we determine the term "conviction," as used in section 321J.21(2) should be interpreted to include a deferred judgment.

We affirm the decision of the district court that Stille's deferred judgment for driving while barred may be considered a conviction for purposes of applying section 321J.21(2).

**AFFIRMED.**