In the Matter of PROPERTY SEIZED FROM Lula M. WILLIAMS.

**Lula M. Williams, Appellant.**

No. 00–0194.

Court of Appeals of Iowa.

May 15, 2002.

Robert A. Wright, Sr., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Andrew Prosser, Assistant County Attorney, for appellee State.

Heard by SACKETT, C.J., and ZIMMER and HECHT, JJ.

SACKETT, C.J.

Appellant Lula M. Williams challenges an order in an in rem forfeiture proceeding granting the State's request to forfeit $7,559.39 in cash that was seized from Williams's home during the execution of a search warrant. Williams contends the forfeiture should be reversed because (1) the district court did not have jurisdiction to hear the matter, as the hearing was not held within sixty days of the service of the complaint in accordance with the provisions of Iowa Code section 809A.13 (1999);[1] (2) the State failed to show good cause for holding the hearing some two hundred and fifty-three days following the acceptance of service of the complaint; and (3) the State failed to offer sufficient evidence to support the forfeiture. We disagree with Williams's contention that the sixty-day provision in section 809A.13 is jurisdictional and affirm the district court on that issue. We agree with Williams, however, that the State has failed to show good cause for not holding the hearing within sixty days. We affirm in part, reverse in part, and dismiss.

Review of forfeiture proceedings is for correction of errors at law. *State v. $10,000 Seized from Mary Patrick,* 562 N.W.2d 192, 194 (Iowa Ct.App.1997). The evidence is examined in the light most favorable to the district court judgment, and the findings are construed liberally to support the district court's decision. *In re Property Seized from Chiodo,* 555 N.W.2d 412, 414 (Iowa 1996). The conclusions of the trial court must be supported by substantial evidence which does not, however, denote some elevated quantity of proof. *See State v. Anderson,* 517 N.W.2d 208, 211 (Iowa 1994). Rather, the relevant question is whether, after viewing all the evidence in the light most favorable to the appellee, any rational trier of fact could have found the essential elements. *Id.*

We review a district court's ruling on a motion to dismiss for an abuse of discretion. *State v. Orte,* 541 N.W.2d 895, 898 (Iowa Ct.App.1995) (citing *State v. Todd,* 468 N.W.2d 462, 470 (Iowa 1991)). "We find such an abuse when the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Schettler v. Iowa Dist. Ct.,* 509 N.W.2d 459, 464 (Iowa 1993) (*quoted in Channon v. United Parcel Service, Inc.,* 629 N.W.2d 835, 859 (Iowa 2001)).

The first issue on appeal deals with the time it took to bring to hearing an "In Rem Forfeiture Complaint" seeking forfeiture of the cash. The action was filed by the State on April 5, 1999. This case, however, has a lengthy history and initially involved other property also, which is not a subject of this appeal. Williams's house was searched on May 1, 1998, and the cash

---

**1.** Iowa Code section 809A.13(7) provides in relevant part: "The forfeiture hearing shall be held without a jury within sixty days after service of the complaint unless continued for good cause. . . ."

and other items were seized. Four days after the search, on May 5, 1998, Williams filed a claim for the return of the cash and other property with the Burlington police department. Williams claimed she needed the cash to pay bills. On June 8, 1998 Williams filed a second claim for return of the cash and other property in the district court for Des Moines County. Neither the Burlington police department nor the State responded to either of Williams's claims seeking the return of the cash and other property. On January 19, 1999 Williams filed a third request for the return of the cash and other property. She asked that the matter be set for hearing, and the clerk issued a "Notice of Hearing on Seized Property" and set a hearing for January 19, 1999. An amended order was filed on January 14, 1999 setting the hearing for February 1, 1999. The State answered Williams's third request on January 19, 1999, and alleged that a forfeiture notice was on file. On January 29, 1999, Williams resisted the State's answer and demanded the return of seized property obtained under the May 1, 1998 warrant. She contended that the criminal charges against her had been dismissed pursuant to Iowa Rule of Criminal Procedure 27,[2] and the State had not demonstrated the evidence was needed in a criminal investigation or prosecution. She further contended that the State's "Notice of Pending Forfeiture" was not timely and was in violation of her constitutional rights. On February 1, 1999 a hearing on Williams's request was held. The court filed an order on February 2, 1999 stating that at the February 1, 1999 hearing the State informed the court it intended to call witnesses who were not available because it believed the hearing that day did not contemplate an evidentiary hearing. The court also said it appeared Williams in-

tended or would call witnesses to establish her claims. The court concluded the matter should be referred to the case coordinator to schedule a hearing. The court then ordered the return of certain items agreed to by the parties, but the cash was not included in the order of property to be returned.

On April 5, 1999 the State filed the "In Rem Forfeiture Complaint" which forms the basis of this controversy. Williams's attorney signed an acceptance of service of process and entry of appearance in the matter on April 7, 1999. The acceptance and appearance were not filed until April 19, 1999. On April 27, 1999, eight days after the acceptance of service was filed, Williams filed her verified answer. She contended she was the owner of the cash and other property. She alleged the money had come from various sources and denied that it was used in or facilitated a public offense. She further contended she had filed motions seeking the return of the property. She contended the property was not forfeitable and to do so would violate her constitutional right to due process under state and federal constitutions.

On July 15, 1999 the case coordinator for the Eighth Judicial District noted in a written document that the case had been on file for 120 days or more and the case was set for a trial-setting conference on September 14, 1999. The record provides no information as to whether the telephone hearing was held, or if held, what transpired.

The matter came on for trial on December 28, 1999, at which time Williams made an oral motion to dismiss, contending the matter should be dismissed because a hearing was not held within sixty days as provided for by the statute. Iowa Code § 809A.13(7) (1999). The district court

---

2. Now Iowa R.Crim. P. 2.27.

concluded the sixty days expired on about May 5, 1999. The district court determined that the hearing requirement was not jurisdictional. The court further noted section 809A.13(7) allowed the court to continue the hearing for good cause, which the district court determined gave it wide discretion to continue the hearing if the circumstances warrant. The court found nothing in the record that showed a reason for the delay in setting the hearing. The court said it also found nothing challenging the delay or arguing there was not good cause for the delay. The court reasoned that if Williams had a concern that the hearing was not held within the statutory time frame, she should have raised the issue in May of 1999. The court determined the hearing time was either by agreement of the parties or due to general scheduling procedures of the court though admitting there was not evidence to support either conclusion. The district court specifically found, "Regardless of the reasons for the delay, it is clear that the Claimant [Williams] was fully aware of the sixty day provisions in the Code yet filed no motions or took any other type of action until well after the time had run." The court also found Williams did not file an answer in a timely manner as it was not filed until fifty-two days after the complaint was filed. The court went on to determine it did not believe Williams should benefit from a technical violation of procedures regarding timeliness when she did not abide by similar timeliness rules set for her in the same statute.

■ Williams first contends that the district court incorrectly determined the sixty-day period for hearing in the statute was directory instead of jurisdictional and argues the failure to hold the hearing in the time frame of the statute dictates a dismissal of the forfeiture. We agree with the district court that the sixty-day period is directory.

■ Although the forfeiture statutes in chapters 809 and 809A are not criminal statutes, they are penal in nature and must be strictly construed. *See Matter of Wagner*, 482 N.W.2d 160, 162 (Iowa 1992); *In re Kaster*, 454 N.W.2d 876, 877 (Iowa 1990). We construe forfeiture statutes with a goal of promoting and giving effect to the intention of the legislature. *Id.*

The State contends this issue was decided in *In re Property Seized from Sopoci*, 467 N.W.2d 799, 800 (1991), where the court addressed a similar claim under an earlier statute. In *Sopoci*, the claimant argued the fact that the forfeiture hearing was held several days late [3] was a jurisdictional defect and the forfeiture proceedings were void and of no force or effect. *Sopoci*, 467 N.W.2d at 799. The court denied Sopoci's claim, reasoning, among other things, that although the thirty-day period prescribed in the section then at issue reflected the legislature's view as to the preferred time frame in which the court should act, the court could not read into the statute the intent to deny the court the power to act beyond that time should exigencies require it to do so. *Id.* at 800. The court further said there was no provision in section 809.10 that a failure to abide by the time established by the statute was fatal to the State's effort to forfeit the property, but such provisions existed in other sections of chapter 809.[4]

---

3. Under the statute then controlling, the hearing was to be held in no less than five and no more than thirty days.

4. *See, e.g.,* Iowa Code § 809.8 ("Failure to file [a notice of forfeiture] within [six months after seizure] terminates the state's right to claim a forfeiture of the property.").

*Id.* The court, noting the absence of such a provision, held the thirty-day hearing requirement was not intended to be jurisdictional. *Id.* at 800.

■ Williams contends that the revision of the forfeiture provisions changed the forfeiture law so that the time provided by the legislature for a hearing is now jurisdictional. Williams reasons this is because there was no provision in the earlier statute for continuances for good cause. We reject Williams's argument that the addition of the language allowing continuances for good cause altered the purpose of the statute. A statutory revision will not be construed as altering the law unless the legislature's intent to do so is clear and unmistakable. *State ex rel. Schuder v. Schuder,* 578 N.W.2d 685, 687 (Iowa 1998); *State Bd. of Eng'g Exam'rs v. Olson,* 421 N.W.2d 523, 525 (Iowa 1988); *Peffers v. City of Des Moines,* 299 N.W.2d 675, 678 (Iowa 1980). There being no clear legislative intent to the contrary, we, as did the district court, rely on *Sopoci* and find the time period to be directory and not jurisdictional. Furthermore, as in chapter 809 analyzed by the supreme court in *Sopoci,* chapter 809A contains sections in which failure to meet the time restrictions is fatal to the forfeiture proceeding.[5] In addition, the supreme court has stated:

> If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.

*Taylor v. Dep't of Transp.,* 260 N.W.2d 521, 522–23 (Iowa 1977) (*quoted in Sopoci,* 467 N.W.2d at 800). We conclude the time restriction in the current section 809A.13(7) is "designed to assure order and promptness in the proceeding" and, consequently, is directory, not jurisdictional. We affirm the district court on that issue.

Williams further contends that the State failed to show any good cause for the delay. The State in its brief does not argue or suggest that good cause was shown for the delay. Williams argues the district court incorrectly determined it was her responsibility to bring the matter to trial and that the district court incorrectly determined she failed to file a timely answer.

■ Neither the district court nor the State has cited any authority to support the proposition that in a forfeiture case it is the claimant's responsibility to bring the matter to trial. We do not find any such authority either. Nor do we find this to be a correct holding. A defendant in either a criminal or a civil case can seek dismissal where the party bringing the suit fails to seek trial under the required time directive. *See Orte,* 541 N.W.2d at 898 (defendant has no duty to bring him or herself to trial); *State v. Todd,* 468 N.W.2d 462, 469 (Iowa 1991) (the burden remains on the State even after the ninety-day speedy trial period set forth in the rules of criminal procedure has passed). *See also* Iowa R. Civ. P. 1.944 (providing the burden of proceeding is on the plaintiff and courts will dismiss actions for lack of prosecution). To adopt a rule that would require a claimant in a forfeiture proceeding to bear the burden of bringing the action to trial would be contrary to accepted

---

5. *See, e.g.,* Iowa Code § 809A.8(1)(a) (seized property shall be released if the State fails to file a notice of forfeiture within ninety days after seizure).

practice. The burden of bringing the cause within the required time frame was on the State. Therefore, Williams's failure to file a motion to dismiss soon after the sixty-day period had passed or to bring the matter to hearing is not good cause for holding the hearing well beyond the statutory date. Nor is the district court's finding that Williams did not file a timely answer. The district court incorrectly determined Williams waited over fifty days to file an answer. The date of service, not the date of filing, determines the time from which the filing of an answer runs. In this case Williams filed an answer within seven days of filing an acceptance of service.

 In determining whether good cause exists for a delay the critical factor is the reason for the delay. *State v. Olson*, 528 N.W.2d 651, 654 (Iowa Ct.App.1995). The district court found no reason for the delay, nor do we. Another factor is whether the party seeking to benefit from the delay was the cause of the delay. *See State v. Hamilton*, 309 N.W.2d 471, 475 (Iowa 1981). We have found the district court incorrectly placed the burden of going forward on Williams and that the district court incorrectly computed the time her answer was due. Other than these two invalid reasons the district court found to attribute delay to Williams, the district court found nothing else. Nor do we. Another factor is the length of the delay and whether Williams has suffered prejudice. *See State v. Bond*, 340 N.W.2d 276, 279 (Iowa 1983). The delay was lengthy as contrasted to *Sopoci*, where the delay appeared to be little more than a day. The State did not show, nor can we find, that there was not some prejudice inherent in the loss of cash for more than eighteen months. Additionally, despite Williams's efforts to retrieve her cash immediately, the State took no affirmative action to

forfeit until nearly ten months after the property was seized. Finding no good cause to justify the lengthy delay, we reverse the district court and dismiss the action. Having done so we need not address the additional issue raised by Williams.

**AFFIRMED IN PART, REVERSED IN PART, AND DISMISSED.**

MILLER, J., takes no part.