**IN THE COURT OF APPEALS OF IOWA**

No. 3-1006 / 13-0062
Filed June 11, 2014

IN THE MATTER OF PROPERTY
SEIZED FOR FORFEITURE FROM
CHARLES CLARK d/b/a DAY DREAMS

CHARLES CLARK,
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskel,

Judge.


        Charles Clark appeals the district court forfeiture of glass pipes seized

from his business.  **REVERSED AND REMANDED.**


        Alfredo Parrish of Parrish, Kruidenier, Dunn, Boles, Gribble, Gentry, &

Fisher, L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Tyler Buller, Assistant Attorney

General, John P. Sarcone, County Attorney, and Stephan Bayens, Assistant

County Attorney, for appellee.


        Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Charles Clark appeals the district court forfeiture of glass pipes seized from his business. Clark claims the district court erred in relying upon federal law to find conduct giving rise to forfeiture and the district court erred in finding the property was drug paraphernalia and therefore illegal to possess under Iowa law. We find the pipes are not drug paraphernalia under Iowa law, and federal law should not have been used as a basis for forfeiting the items. We reverse and remand for return of the seized items.

## I.      Background Facts and Proceedings

Charles Clark is the proprietor of Day Dreams, a retail store located in Des Moines. The business has been described as a "head shop"; a retail store substantially devoted to the sale of drug related items. Following an investigation and two controlled purchases by a confidential informant, a search warrant was obtained for the shop.[1] Cash, publications, jewelry, digital scales, hookahs, and glass pipes were seized from the store. With the exception of the glass pipes, all seized property has been returned.

The State sought forfeiture of the glass pipes. Clark answered the complaint denying the pipes were subject to forfeiture and sought their return. Following a hearing, the district court found the pipes were drug paraphernalia under federal law, possession of which would constitute conduct giving rise to forfeiture. The district court also determined the pipes were drug paraphernalia under Iowa law prohibiting their return.

---

[1] Subsequent testing revealed the purchased substances were not illegal.

## II. Standard of Review

We review forfeiture proceedings for correction of errors at law. *In re Property Seized from Williams*, 646 N.W.2d 861, 863 (Iowa 2002). Evidence is viewed in the light most favorable to the district court decision while considering whether any rational trier of fact could have reached the same conclusion. *Id.*

## III. Discussion

### A. Disposition of Seized Property

The district court concluded the glass pipes were drug paraphernalia which cannot be legally possessed under either federal or Iowa law. As such, the pipes cannot be returned to Clark even if they are not subject to forfeiture.

Iowa Code section 809.5 (2011) requires the return, to the owner, of seized property if the seizure is no longer needed or a forfeiture claim has not been filed. Iowa Code § 809.5. The property may not be returned, however, when possession by the claimant is prohibited by law. *Id.* § 809.5(2)(a). The section is partially premised on the theory an individual can have no legal right to contraband. *See State v. Merchandise Seized*, 225 N.W.2d 921, 925 (Iowa 1975). Our supreme court has recognized the return of contraband items would undermine the public policy against their possession. *Id.*

Drug paraphernalia is illegal to possess under Iowa law. Iowa Code § 124.414. Equipment, products or materials that are knowingly, intentionally, or primarily intended to assist in the injection, ingestion, or inhalation of controlled substances are considered drug paraphernalia. *Id.* § 124.414(1)(a)(2). However, the statute also requires the equipment, products, or materials be

"used or attempted to be used in combination with a controlled substance." *Id.* A plain reading of the statute requires the items be used, or attempted to be used, for the purpose of injecting, ingesting, inhaling, or otherwise introducing a controlled substance to a human body. Considering the pipes were located in a retail store where no illegal substances were found, there is no evidence which would allow us to conclude the seized pipes were used, or attempted to be used, in combination with a controlled substance. Accordingly, the glass pipes do not meet the definition of drug paraphernalia and are not forfeitable under Iowa law.

The district court also concluded the pipes were illegal to possess under federal law. The federal definition of paraphernalia is significantly broader than the Iowa definition. *See* 21 U.S.C. § 863(d)(1)–(15). The federal code also includes a series of factors to be considered in determining whether a given item constitutes drug paraphernalia. *Id.* § 863(e)(1)–(8). However, the items seized from the claimant are not subject to forfeiture under federal law until there has been a conviction. *Id.* § 863(c). Though the seized items may meet the definition of drug paraphernalia under federal law, we find the State's attempt to forfeit the property under Iowa law is improper. The interpretation advanced by the State would usurp the Iowa legislature's authority when the forfeiture chapter was created. As always, when interpreting a statute, we are guided by what the legislature actually said and not by what they could have, or should have, said. *Stille v. Iowa Dep't of Transp.*, 646 N.W.2d 114, 116 (Iowa 2001). The Iowa statute indicates that property which is forfeitable outside of this state would be forfeitable in Iowa if the punishment is for more than one year and would be at

least a serious misdemeanor under Iowa Code section 809A.3(1)(b). Possession of drug paraphernalia is a simple misdemeanor in Iowa. *See* Iowa Code 124.414(3). The state statute defines paraphernalia in relation to actual or attempted use. *Id.* § 124.414(1)(a)(2). Superimposing the federal statute over the top of the state statute would render the "used or attempted to be used" language a nullity. The property, as it presently exists, is not subject to forfeiture under state law as it is not illegal to possess or federal law because no conviction has occurred. Finally, if we adopt the argument of the State, all retail/"head" shops located in Iowa would be illegal per se, as selling glass pipes would be a federal felony offense and all property could be forfeited to the State. Until Iowa implements a law consistent with the State's position we find Day Dream's possession of the glass pipes does not give rise to forfeiture.

## IV. Conclusion

Because the glass pipes are not drug paraphernalia under Iowa law, and are not subject to forfeiture under Iowa or federal law, we find they should be returned to Clark. We reverse and remand for return of the seized items.

**REVERSED AND REMANDED.**