**STATE of Iowa, Appellee,**

v.

**Edward Green HARRISON, Appellant.**

**No. 83–752.**

Supreme Court of Iowa.

July 18, 1984.

Charles L. Harrington, Appellate Defender, and LuAnn White, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sherie Barnett, Asst. Atty. Gen., and Gary Sissel, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON and CARTER, JJ.

McCORMICK, Justice.

We must determine here whether a sentencing court has discretion to order less than full restitution for court costs and court-appointed attorney fees. The trial court believed full restitution is mandatory. Because we find that a sentencing court is required to consider the offender's ability to make the payments, we vacate the restitution order and remand for determination of the amount with consideration of defendant's reasonable ability to pay the amount ordered.

Defendant Edward Green Harrison was charged and convicted by jury in 1983 for second degree robbery. At sentencing, the trial court reviewed a plan of restitution contained in the presentence report. The court asked defense counsel if he had looked at the plan. Defense counsel said he had done so but that he did not believe defendant was in any position to pay it. The following occurred:

> The Court: It's mandatory. Since he's going down, I have no choice but to do it, and it's up to the Director of Adult Corrections.
>
> Defense counsel: Well okay. Is there no way to find inability to pay?
>
> The Court: No. The statute is very specific on that. The Director will make those decisions.

After additional discussion in which the court reiterated its view that the plan of restitution must include the full amount for court costs and court-appointed attorney fees, the court sentenced defendant. The plan of restitution included the full amount of court costs and attorney fees, $148.24 and $872 respectively.

The only question in this appeal is whether the trial court erred in failing to exercise discretion in determining the amount of restitution for court costs and attorney fees. We find the colloquy between the trial court and defense counsel was sufficient to show no discretion was exercised. If the court had no discretion, no error appears; if the court had discretion, defendant was entitled to have it exercised. See State v. Dvorsky, 322 N.W.2d 62, 67 (Iowa 1982).

The relevant statutory provisions are in chapter 910 of the 1983 Code. The present case is not affected by 1984 amendments to these provisions. See 2 Iowa Legis.Serv. 52–53 & 70 (West 1984).

Section 910.2 outlines the duty of a sentencing court to order restitution or community service:

> In all criminal cases except simple misdemeanors under chapter 321, in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of his or her criminal activities and, to the extent that the offender is reasonably able to do so, to the county where conviction was rendered for court costs, court-appointed attorney's fees or the expense of a public defender when applicable. However, victims shall be paid in full before restitution payments are paid to the county for court costs, court-appointed attorney's fees or for the expense of a public defender. When no victim has suffered pecuniary damages and the offender is not reasonably able to pay all or a part of the court costs, court-appointed attorney's fees or the expense of the public defender, the court may require the offender to perform a needed public service for any governmental agency or for a private, nonprofit agency which provides a service to the youth, elderly or poor of

the community. When community service is ordered, the court shall set a specific number of hours of service to be performed by the offender. The judicial district department of correctional services shall provide for the assignment of the offender to a public agency or private nonprofit agency to perform the required service.

This section thus unconditionally requires the sentencing court to order offenders to make restitution to their victims, and it makes full payment to the victim a condition precedent to payment to the county for court costs and attorney fees. In turn, the section authorizes an order for community service when no victim has suffered pecuniary damages and the offender cannot reasonably pay "all or part" of the court costs and attorney fees.

Procedures for obtaining information and ordering restitution are provided in section 910.3:

The court shall require the county attorney to promptly prepare a statement of pecuniary damages to victims of the defendant and shall require the clerk of court to prepare a statement of court-appointed attorney's fees, the expense of a public defender and court costs which shall be promptly provided to the presentence investigator. These statements shall become a part of the presentence report. If a defendant believes no person suffered pecuniary damages, the defendant shall so state. If the defendant has any mental or physical impairment which would limit or prohibit the performance of a public service, the defendant shall so state. The court may order a mental or physical examination, or both, of the defendant to determine a proper course of action. At the time of sentencing, the court shall set out the amount of restitution including the amount of public service to be performed as restitution and the persons to whom restitution must be paid. This shall be known as the plan of restitution.

The order therefore must include a plan of restitution setting out the amounts and kind of restitution in accordance with the priorities established in section 910.2. Restitution is accomplished when the plan of restitution is carried out.

The definition of restitution in section 910.1(4) is consistent with the other statutory provisions:

"Restitution" means payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution. Restitution shall also include the payment of court costs, court-appointed attorney's fees or the expense of a public defender, and the performance of a public service by an offender in an amount set by the court when no victim has suffered pecuniary damages and the offender cannot reasonably pay all or part of the court costs, court-appointed attorney's fees or the expense of a public defender.

This definition repeats the statutory theme emphasizing payment to victims first, payment for court costs and attorney fees to the extent of the offender's reasonable ability to pay next, and public service when no victim has suffered pecuniary damages and the offender cannot reasonably pay all or part of the court costs and attorney fees.

After sentencing in which a plan of restitution is ordered, the next step is establishing a plan of payment. § 910.4. The plan of payment sets out the schedule for the offender to carry out the terms of the plan of restitution. When the defendant is placed on probation under supervision of the judicial district department of correctional services or committed to the county jail or an alternate facility, the department is charged with developing a plan of payment based on the plan of restitution. The original plan of payment and any subsequent modification are subject to approval or change by the sentencing court. The plan of payment must take into account "the offender's income, physical and mental health, age, education, employment, and family circumstances." *Id.* Changes may be made when the offender's income and circumstances change significantly. *Id.*

When the sentencing court commits the defendant to the custody of the director of the division of adult corrections and in several other situations, the plan of payment is not initially made subject to court approval or change. Authority to make changes is initially assigned to others. *See* § 910.5.

The court, however, retains ultimate authority to review any issue concerning either the plan of restitution or plan of payment pursuant to section 910.7:

> At any time during the period of probation, parole or incarceration, the offender or the agent, agency or judicial district department of correctional services who prepared the offender's restitution plan, may petition the court and the court shall grant a hearing on any matter related to the plan of restitution or restitution plan of payment. The court at any time prior to the expiration of the offender's sentence, may modify the plan of restitution or the restitution plan of payment, or both, and may extend the period of time for the completion of restitution.

We believe that section 910.2 requires the sentencing court to order restitution in the plan of restitution "for court costs, court-appointed attorney fees or the expense of a public defender when applicable" only *"to the extent that the offender is reasonably able to [make such restitution]."* (emphasis supplied). This interpretation is warranted by the express language of the statute, the context in which the language appears, and the spirit of the restitution provisions.

The reference to the offender's reasonable ability to make restitution is an express condition on the determination of the amount of restitution for court costs and attorney fees as opposed to the amount of restitution to the victim. Section 910.2 establishes a priority for restitution to the victim. Moreover, it authorizes a sentence to community service as an alternative "[w]hen no victim has suffered pecuniary damages and the offender is *not reasonably able to pay all or a part of the court costs, court-appointed attorney's fees or*

*the expense of a public defender...."* (emphasis supplied). The sentencing court would never get to the point of exercising this authority if it were mandated to order full restitution for court costs and attorney fees without regard to the offender's ability to pay.

Finally, this interpretation is consistent with the spirit of the restitution chapter. In enacting these provisions the General Assembly was obviously sensitive to the concerns addressed by this court in *State v. Rogers*, 251 N.W.2d 239 (Iowa 1977). In that case the court observed that recoupment of attorney fees as a condition of probation must satisfy constitutional criteria, including:

(1) The requirement of repayment is imposed only on a convicted defendant.

(2) The court does not order payment of this expense unless the convicted person is or will be able to pay it without undue hardship to himself or dependents, considering the financial resources of the defendant and the nature of the burden payment will impose.

(3) Revocation of probation shall occur only if defendant willfully fails to make payment, having financial ability to do so.

(4) Defendant may petition sentencing court to adjust the amount of any installment payments, or the total amount due, to fit a changing financial condition.

*Id.* at 245. The importance of these constitutional criteria was underscored in the Supreme Court's recent decision in *Bearden v. Georgia*, —— U.S. ——, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and this court's decision in *Greene v. District Court of Polk County*, 342 N.W.2d 818 (Iowa 1983). Procedures thus exist in chapter 910 from the inception of the sentence to assure that the *Rogers* criteria are satisfied.

We vacate and remand the restitution order in this case to permit the trial court to exercise the requisite discretion in determining the extent of defendant's obliga-

tion, if any, to reimburse the county for court costs and attorney fees.

RESTITUTION ORDER VACATED; CASE REMANDED.