**Minnie BADER, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 94–2105.

Supreme Court of Iowa.

Jan. 22, 1997.

Francis C. Hoyt, Jr., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Shawn Wehde, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

SNELL, Justice.

Applicant, Minnie Bader, appeals from the denial of her application for postconviction relief. She asserts that the trial court erred in revoking her probation. We reverse and remand.

### I. Background Facts and Proceedings

Minnie Bader was charged with sixty-four counts of securities fraud and theft in connection with a "Ponzi" scheme she operated through a corporation known as Center City Funding, Inc., and its affiliated entities. Pursuant to a plea agreement, Bader pled guilty to one count of securities fraud and to one count of first-degree theft. Bader was sentenced on November 29, 1990. Her sentences were suspended and she was placed on probation for a period of five years. The district court deleted form language from the sentencing order which would have required the Department of Corrections to submit a plan of restitution. Instead, the court inserted language requiring "that restitution pursuant to section 910 shall be made as later ordered by the bankruptcy trustee, Ron Sutter." Sutter was a California bankruptcy trustee appointed to oversee bankruptcy proceedings for Center City Funding, Inc.

On December 26, 1991, the State filed a complaint alleging that Bader had violated the terms of her probation. Sutter testified at the revocation hearing that he had encountered delay and frustration in his attempt to facilitate the payment of restitution. In an order filed March 29, 1993, the district court found that Bader had "violated the terms and conditions of her probation by failing to make a good faith effort to pay on restitution." Her probation was revoked.

Bader filed an application for postconviction relief. At the postconviction hearing Bader acknowledged that at the time of her sentencing she knew the damages resulting from her crimes totaled approximately $8.2

million. She stated that she also knew that she was to make restitution and that she knew that Ron Sutter had been placed in charge of her restitution. On November 23, 1994, her application for postconviction relief was denied. The court found "no written document ever came into existence along the lines of a restitution plan as envisioned by the laws of Iowa." However, the court found a "plan of restitution" delineating specific amounts to be repaid was not necessarily required given the record made at the revocation hearing.

On September 21, 1995, the parties filed a stipulation and agreement to supplement the appellate record. The parties stipulated as follows:

1. On September 18, 1990 the appellant entered a plea of guilty to one count of securities fraud, a class D felony, and theft in the first degree, a class C felony.

2. Sentencing was held on November 29, 1990, and the appellant was placed on probation, with the provision that "restitution" pursuant to section 910 shall be made as later ordered.

3. That no subsequent order of any type was entered by the district court.

On February 16, 1996, Bader filed a notice informing the court that she had been paroled effective January 10, 1996. She sought clarification as to whether her release rendered her appeal moot. The State filed a response. It claimed that Bader's appeal was moot with respect to her request for a release from custody. However, it maintained that a justiciable issue remained with respect to Bader's request for a remand for the establishment of a restitution plan. The State's position was that a restitution plan had already existed at all times relevant to the case. In an order filed May 13, 1996, the court ruled that Bader's release on parole had not rendered her appeal moot as there was a justiciable issue as to whether an appropriate restitution plan is in place.

On appeal, Bader argues the district court abused its discretion in revoking her probation absent a court-ordered plan of restitution. She argues that there was no restitution plan in place at the time of her sentencing and no subsequent order of any type was entered by the court. She contends that she was never afforded a determination of her ability to pay victim restitution nor a determination of what amount she should be held to pay.

The State argues that there was substantial evidence to support the revocation of Bader's probation. It argues that any order relating to restitution constitutes a "plan of restitution" under Iowa Code section 910.3, and the November 29, 1990 sentencing order was a restitution plan with which Bader had failed to comply. The State distinguishes between a "restitution plan" and a "plan of payment" and argues that the latter is not required for a valid restitution order when a defendant is not incarcerated. The State alternatively argues even if the sentencing order was not a "restitution plan" or "plan of payment," the revocation was still valid because the sentencing order was a court order to make restitution with which Bader did not cooperate.

## II. Scope of Review

■ Our standard of review in this case involving a postconviction relief ruling is on error. *State v. Allen*, 402 N.W.2d 438, 443 (Iowa 1987).

Although the issue here is moot as far as concerns Bader's revocation of probation because of her parole, we elect to decide this issue because Bader is still subject to the sentencing order on restitution and the issue will likely recur with other defendants. On the issue of mootness, *see Rush v. Ray*, 332 N.W.2d 325, 326 (Iowa 1983).

## III. Discussion

Our victim restitution law is contained in Iowa Code chapter 910. Iowa Code section 910.2 (1995) provides that the sentencing court shall order that restitution be made by the offender to victims for fines, penalties, surcharges, and to the extent that the offender is reasonably able to pay, for crime victim assistance reimbursement, court costs, court-appointed attorney fees, or the expense of a public defender. Section 910.4 provides:

When restitution is ordered by the sentencing court and the offender is placed on probation, restitution shall be a condition of probation. Failure of the offender to comply with the plan of restitution, plan of payment, or community service requirements when community service is ordered by the court as restitution, shall constitute a violation of probation and shall constitute contempt of court.

The importance of complying with the statutory language was underscored in *State v. Harrison*, 351 N.W.2d 526 (Iowa 1984). We said:

> The order therefore must include a plan of restitution setting out the amounts and kind of restitution in accordance with the priorities established in section 910.2. Restitution is accomplished when the plan of restitution is carried out.
>
> ....
>
> After sentencing in which a plan of restitution is ordered, the next step is establishing a plan of payment. § 910.4. The plan of payment sets out the schedule for the offender to carry out the terms of the plan of restitution. When the defendant is placed on probation under supervision of the judicial district department of correctional services or committed to the county jail or an alternate facility, the department is charged with developing a plan of payment based on the plan of restitution. The original plan of payment and any subsequent modification are subject to approval or change by the sentencing court. The plan of payment must take into account "the offender's income, physical and mental health, age, education, employment, and family circumstances."

*Harrison*, 351 N.W.2d at 528 (quoting Iowa Code § 910.4).

In *Harrison*, we point out that the court retains ultimate authority to review any issue concerning either the plan of restitution or the plan of payment. *Id.* at 529. We also noted that a plan of restitution is required. We believe that section 910.2 requires the sentencing court to order restitution in the plan of restitution "for court costs, court-appointed attorney fees or the expense of a public defender when applicable" only "*to the extent that the offender is reasonably able to [make such restitution].*" (emphasis supplied).

....

The reference to the offender's reasonable ability to make restitution is an express condition on the determination of the amount of restitution for court costs and attorney fees as opposed to the amount of restitution to the victim. Section 910.2 establishes a priority for restitution to the victim. Moreover, it authorizes a sentence to community service as an alternative "[w]hen no victim has suffered pecuniary damages and the offender is *not reasonably able to pay all or a part of the court costs, court-appointed attorney's fees or the expense of a public defender ....*" (emphasis supplied). The sentencing court would never get to the point of exercising this authority if it were mandated to order full restitution for court costs and attorney fees without regard to the offender's ability to pay.

*Id.*

In *State v. Van Hoff*, 415 N.W.2d 647, 649 (Iowa 1987), we held that the statute requires a determination of an inmate's ability to pay current installments rather than his ability to ultimately pay the entire amount due.

■ Bader testified that she was never told how much restitution she was to pay, that no determination was ever made of her ability to pay, and that no one ever discussed with her a plan of restitution.

The State argues that these facts are irrelevant because:

1. The sentencing order was intrinsically a restitution plan.

2. Bader's lack of cooperation vitiated a need for a restitution plan.

3. Bader failed to make a good faith effort to make restitution.

4. Bader lived a lavish lifestyle making a mockery of restitution and reducing the money available to pay victims.

The State's position does not even rise to the level of substantial compliance with the statutory requirements for restitution. The

4

State's arguments, though meritorious if we were deciding a question in equity, are misplaced in this question of law. Were we to adopt the State's position, the requirements for a restitution plan and a plan for payment would be vaporized. In the case at bar, neither a plan of restitution nor a plan of payment was established against which Bader's conduct could be tested for compliance. Bader was also entitled to a hearing to determine the extent she was able to make restitution payments. *See Harrison,* 351 N.W.2d at 529.

The district court erred in revoking Bader's probation. The postconviction court should have vacated the order that revoked her probation.

The case is reversed and remanded for a new probation hearing and establishment of a restitution plan and payment plan consistent with Iowa law.

**REVERSED AND REMANDED.**