**STATE of Iowa, Appellee,**

v.

**Jay Lee MAI, Appellant.**

No. 96–1730.

Court of Appeals of Iowa.

Oct. 29, 1997.

Roger L. Sutton of Sutton & Troge Law Office, Charles City, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, and Richard P. TeKippe, County Attorney, for appellee.

Considered by CADY, C.J., and HUITINK and VOGEL, JJ.

HUITINK, Judge.

Jay Lee Mai appeals from the sentence imposed by the district court following his conviction of operating a motor vehicle while intoxicated, first offense.

### I. Background Facts and Proceedings.

Mai was charged with vehicular homicide following an automobile accident in which Heidi Wiltse died. This charge was filed after tests revealed Mai's blood alcohol content was .2313 at the time of the accident. A jury acquitted Mai of vehicular homicide, but found him guilty of the lesser-included offense of operating a motor vehicle while intoxicated, first offense.

After a sentencing hearing, the court imposed the following sentence: (1) a $1000 fine plus thirty percent surcharge; (2) a one-year jail term, with all but the first ninety days suspended; (3) work release privileges; (4) supervised one-year probation; (5) conditions of probation included (a) payment of restitu-

tion, fine, surcharge, and court costs, (b) completion of the recommendations made in the substance abuse evaluation, and (c) all terms and conditions proposed in the presentence investigation; and (6) payment of pecuniary damages to all victims. The court ordered any victim restitution would not be determined until after the disposition of a related wrongful death action against Mai. The court gave the following reasons for the sentence imposed:

> The nature of the crime committed, age, past record, recommendations in the substance abuse evaluation, your blood-alcohol test result and the recommendations and facts included in the presentence investigation.

On appeal Mai contends the district court's abuse of its sentencing discretion necessitates a remand for resentencing. He cites the disproportionate severity of his sentence and the district court's failure to state adequate reasons for the sentence imposed as justification for appellate relief.

Mai also challenges the restitution provisions of his sentence. He argues the jury's verdict acquitting him of vehicular homicide precludes restitution for Wiltse's wrongful death damages. The sentencing court's deferral of its final restitution decision and failure to consider Mai's ability to re-pay court costs and attorneys fees are cited as additional errors.

The State contends Mai failed to preserve error on any restitution issues because he failed to cite any authority in his brief supporting his claim error was preserved. The State also argues any error was waived by Mai's failure to object at the sentencing hearing when restitution was ordered. Lastly, the State argues Mai's restitution claims are premature because the court deferred determination of the amount of restitution pending resolution of a related wrongful death claim brought by Wiltse's estate against Mai.

## II. Standard of Review.

■ We review the district court's sentencing decision for an abuse of discretion. *State v. Neary,* 470 N.W.2d 27, 29 (Iowa 1991). No abuse of discretion will be found unless the defendant shows that such discre-

tion was exercised for reasons clearly untenable or to an extent clearly unreasonable. *Id.* Where an improper sentence is severable this court may strike invalid portions of the sentence without disturbing the remainder and remand for appropriate action in the district court. *State v. Hutt,* 548 N.W.2d 897, 898–99 (Iowa App.1996).

## III. Merits.

■ **A. Failure to State Adequate Reasons for Sentence.** A sentencing court is required to state on the record its reasons for selecting a sentencing option. Iowa R.Crim. P. 22.3(d); *State v. Luedtke,* 279 N.W.2d 7, 8 (Iowa 1979). The purpose of this rule is to allow the appellate court to determine whether there has been an abuse of discretion. *State v. Mickens,* 462 N.W.2d 296, 299 (Iowa App.1990). Failure to adequately do so requires us to vacate the sentence and remand the case for resentencing. *See State v. Taggart,* 525 N.W.2d 877, 882 (Iowa App.1994) (citations omitted).

■ Here, the district court made a brief but nonetheless adequate statement of its reasons for the sentence imposed. We find it sufficient for our purposes and proceed to consider the merits of Mai's claim that the district court abused its sentencing discretion.

■ **B. Severity of Sentence.** It is well settled that the measure of punishment selected by the district court lies within its sentencing discretion. *State v. Patterson,* 161 N.W.2d 736, 737 (Iowa 1968). The sentencing court's duty is to consider all available sentencing options, give consideration to all circumstances of a particular case, and to exercise the sentencing option which will best accomplish justice for society and for the defendant. *State v. Robbins,* 257 N.W.2d 63, 70 (Iowa 1977). When a sentence falls within statutory limits it will only be set aside for an abuse of discretion. *State v. Neary,* 470 N.W.2d at 29.

■ Mai's fine and jail sentence are within the applicable statutory limits. *See* Iowa Code §§ 321J(2)(a), 903.1(1)(1993). The presentence report confirms his prior criminal

record including a history of drunk driving convictions. Mai also has a chronic substance abuse problem which requires professional counseling and treatment. Moreover, prior sentences of lesser severity have been without deterrent effect. The sentencing record confirms the propriety of the sentence imposed by the district court and we find no abuse of discretion. Mai's fine, jail sentence, term of probation, and attendant conditions are affirmed with the exceptions hereinafter provided.

■ *C. Victim Restitution.* We initially reject the State's claim that Mai failed to preserve error on this issue. *See State v. Thomas,* 520 N.W.2d 311, 313 (Iowa App.1994)(defendant need not object to sentencing irregularity to preserve issue for appeal). We also note Mai's substantial compliance with Iowa Rule of Appellate Procedure 14(a)(5) was sufficient to identify the means by which any error was preserved.

■ Restitution is authorized only by statute. *State v. Wagner,* 484 N.W.2d 212, 215 (Iowa App.1992). It is a mandatory part of sentencing in Iowa and is defined in fairly broad terms. *Id.;* Iowa Code § 910.1(3)(1993). Restitution orders are not limited by the parameters of the offense committed, but may be extended to any damages sustained by the victim of a crime which, with some exceptions, would be recoverable against the offender in a civil action. *State v. Holmberg,* 449 N.W.2d 376, 377 (Iowa 1989). Consequently, in each instance, the State must prove by a preponderance of the evidence a causal connection exists between the criminal act and the victim's damages. *Id.; State v. Starkey,* 437 N.W.2d 573, 574 (Iowa 1989). A trial court abuses its discretion and exceeds its statutory authority when it orders restitution for losses not causally related to the offenses. *State v. Tutor,* 538 N.W.2d 894, 896 (Iowa App.1995). Because restitution issues implicate the sentencing court's discretion, a defendant is entitled to have it exercised. *State v. Harrison,* 351 N.W.2d 526, 527 (Iowa 1984) (citing *State v. Dvorsky,* 322 N.W.2d 62, 67 (Iowa 1982)).

■ The sentencing "court must have the facts to determine the appropriate plan of restitution." *State v. Haines,* 360 N.W.2d 791, 796 (Iowa 1985). Our statutory restitution scheme requires the State to prepare a statement of victim damages for the court's consideration at sentencing. Iowa Code § 910.3 (1993). If a victim's damages continue to accrue at the time of sentencing, the court may defer the determination of a victim's total entitlement until a later date. *Id.; State v. Blakley,* 534 N.W.2d 645, 648 (Iowa 1995). The court is nevertheless expected to make prompt resolution of restitution issues. *State v. Blakley,* 534 N.W.2d at 648 (the language of section 910.3 is the "legislature's way of ensuring that restitution is determined promptly").

■ The district court's sentencing order provided:

> The defendant is ordered to make victim restitution for pecuniary damages to all victims. Victim restitution shall not be determined until after the pending wrongful death suit against the defendant.

We are unable to reconcile the restitution order with the State's established burden of proof and the court's duty to promptly exercise its discretion in the resolution of this issue. The record does not include the required statement of pecuniary damages nor is there any indication it could not be submitted because of accruing victim damages. In the absence of the latter showing, the district court was without authority to defer its final determination on this issue until a later date. *Id.* We believe the logical extension of the limitation announced in *Blakley* precludes deferral of the district court's determination of the causal relationship between victim's damages and criminal conduct when both can be determined at the time of sentencing. Moreover, we are unaware of any authority permitting the sentencing court to make the required exercise of its sentencing discretion contingent on the results of a collateral civil proceeding.

■ In this case Mai was acquitted of vehicular homicide. In reaching its verdict, the jury implicitly found Wiltse's death was not caused by Mai's intoxication. Without further proof, Mai's conviction of driving while intoxicated is not sufficient to meet the

State's burden to establish Wiltse died as the result of Mai's criminal conduct and the resulting entitlements to victim restitution. Because the State failed to meet this burden, the provisions of the sentencing order requiring Mai to make victim restitution are stricken.

**D. Attorney Fees and Court Costs.** Iowa Code section 910.2 requires the sentencing court to order restitution for court costs and court-appointed attorney fees to the extent the defendant is reasonably able to make such restitution. *Bader v. State*, 559 N.W.2d 1, 3 (Iowa 1997). A defendant who seeks to upset an order for restitution of court costs and attorney fees has the burden to demonstrate a failure of the trial court to exercise its discretion or an abuse of discretion. *State v. Storrs*, 351 N.W.2d 520 (Iowa 1984).

Mai has not met his burden on this issue. The record indicates Mai was employed at the time of sentencing and the total of court costs and attorney fees was $2434.60. There is no showing the district court failed to accomodate Mai's ability to pay this amount pursuant to a plan of restitution.

### IV. Summary.

We vacate the portion of Mai's sentence ordering him to make victim restitution. The remainder of the district court's judgment and sentence is affirmed.

**AFFIRMED IN PART AND REVERSED IN PART.**