# IN THE COURT OF APPEALS OF IOWA

No. 14-0264
Filed October 15, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SEAN CURTIS SINCLAIR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, Judge.

A criminal defendant appeals from his sentence arguing the court failed to consider the essential sentencing factors.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Wayne Reisetter, County Attorney, and Jeannine R. Gilmore, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Sean Sinclair appeals from his sentence of two years' incarceration for third-degree criminal mischief contending the district court failed to consider the minimal essential factors in its sentencing.

We review the district court's sentencing decision for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Iowa Rule of Criminal Procedure 2.23(3)(d) provides in part that the court should state on the record the reasons for selecting the particular sentence. We reverse if there has been an abuse of discretion or some defect in the sentencing procedure. *Id.* "Although the explanation need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). The purpose of this rule is to allow the appellate court to determine whether there has been an abuse of discretion. *State v. Mai*, 572 N.W.2d 168, 170 (Iowa Ct. App. 1997).

At sentencing, the State outlined Sinclair's extensive criminal history and gave the following recommendation:

> The state is requesting the court to sentence the defendant for an indeterminate period of two years with the Department of Corrections. . . .
> With Mr. Sinclair's history it's very apparent that he does not want to live by the rules of the criminal law that society has set out, he is better served by the community for its protection that he be sentenced to this term of incarceration on this charge of criminal mischief.

Sinclair's counsel recommended probation and stated:

May it please the court, Your Honor, it's difficult to argue history. . . . My client has two daughters, he's seeking counsel to obtain their custody. He had gainful employment prior to the events that bring us here today. . . . [H]e's taking the steps while in custody to address substance abuse issues, Judge. . . . [H]e's very serious about straightening out. He's expressed to me a genuine regret with regard to the coin machine that occurred I believe it was in Perry at Four Seasons Storage and Car wash where he was with another gentleman involved in that incident. Based on those factors I know the history, what the history is, and the county attorney is asking for what she is based on that. . . . [M]y client is willing to take the steps to rehabilitate himself. He can get back into society should he be released and so, therefore, we would ask for probation under the circumstances.

The court adopted the State's recommendation and stated:

In determining the sentence to be imposed against the defendant the court has taken into consideration the comments of [the State] as well as the comments of [defense counsel]. I have taken into consideration both recommendations. I think in order to provide maximum opportunity for rehabilitation of the defendant, and I appreciate what you feel you need to do on the outside in terms of [Sinclair's] children and so on, that should have been taken into consideration before you put yourself in my hands as it were. I think you need more structure to straighten yourself out. According to the evaluation that you submitted not only do they believe you require long term residential treatment for your substance abuse issue, but they recommend you complete a mental health evaluation to assess possibility of a dual diagnosis issue, both mental as well as substance question. [I] believe you need more structure to do that.

Sinclair contends the court's explanation focused solely on the structure the court believed Sinclair needed to rehabilitate. However, a review of the sentencing transcript shows the court considered not only those factors it articulated in its own statement, but by reference it considered those factors discussed in counsels' recommendations as well, including Sinclair's criminal history, character, and ability to rehabilitate; the nature of the offense; and the

attending circumstances.  The court adequately stated on the record its reasons for selecting the particular sentence.  The court did not abuse its discretion.

**AFFIRMED.**