# IN THE COURT OF APPEALS OF IOWA

No. 14-0056
Filed October 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GABRIEL ELIJAH BADDING,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill,

Judge.


        Gabriel Elijah Badding appeals his sentence of incarceration, claiming it

was illegal as not supported by sufficient findings.  **AFFIRMED.**


        Brian D. Johnson of Jacobsen, Johnson & Viner, P.L.C., Cedar Rapids, for

appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney

General, Janet Lyness, County Attorney, and Jude Pannell, Assistant County

Attorney, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, J.**

Gabriel Badding pled guilty to willful injury causing bodily injury and to assault causing bodily injury. The district court denied his request for a deferred judgment and sentenced him to an indeterminate term of incarceration of no more than five years. Badding appeals the sentence, claiming it was illegal as not supported by sufficient findings.

We review the district court's sentencing decision for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Iowa Rule of Criminal Procedure 2.23(3)(d) provides in part that the court should state on the record the reasons for selecting the particular sentence. We reverse if there has been an abuse of discretion or some defect in the sentencing procedure. *Id.* "Although the explanation need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). The purpose of this rule is to allow the appellate court to determine whether there has been an abuse of discretion. *State v. Mai*, 572 N.W.2d 168, 170 (Iowa Ct. App. 1997).

The record clearly establishes that the court reviewed the presentence investigation report (PSI), which included one victim impact statement, and admitted into evidence and reviewed six exhibits (five letters of reference and a receipt for college tuition) Badding offered at the sentencing hearing. The State's attorney argued for incarceration, and supported the argument by incorporating the PSI recommendation reviewing the nature of the offenses and harm to

victims. Badding's attorney argued the impulsive nature of the offense contrasted with a "thought-out with malice attempt on someone's life." He emphasized Badding's recent employment, his education plans, the support of family and friends, and his participation in therapy. Badding addressed the court in mitigation, and apologized for his actions. Badding requested a deferred judgment.

The district court explained:

> I have read the entirety of the presentence report, including the Victim Impact Statement that's attached as I've referenced, read the Defendant's exhibits here that were presented and received by the Court today. A deferred judgment is not appropriate in this case. This is a very serious offense and, as Mr. Pannell pointed out. Mr. Badding, but more importantly, Mr. Villhauer—I believe that's how you say his name is very lucky that this case wasn't even more serious.
>
> Because of the serious nature of this offense, not only is a deferred judgment not appropriate, I don't think probation is appropriate either. This wasn't an accidental stabbing. This was a—from what I can see, a purposeful stabbing multiple times of one victim and then cutting or stabbing of another victim who was trying to intervene.
>
> So, therefore, having considered all of the relevant materials in this case, I hereby adjudicate the Defendant guilty . . . [and impose sentence].

By reference, the sentencing judge considered Badding's education, his family circumstances, his current therapy, his employment, his prior criminal record, and the contents of the PSI report. Specifically, he discussed the seriousness of the offense and the harm to one of the victims. Although the better practice is for a sentencing court to articulate all the specific factors it considered, the court adequately stated on the record its reasons for selecting

the particular sentence and did not rely on any impermissible factor. The court did not abuse its discretion.

**AFFIRMED.**