# IN THE COURT OF APPEALS OF IOWA

No. 15-2191
Filed December 21, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**FRANK FAIRL TURNER III,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

A defendant appeals the order of restitution imposed following his guilty pleas to attempted murder and going armed with intent. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Bower, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Frank Fairl Turner appeals from a restitution order requiring him to pay $150,000 to the victim's heir after pleading guilty to the crimes of attempted murder and going armed with intent. We affirm the decision of the district court.

## I. Factual Background and Proceedings.

Turner; his brother, Tad Foster; Foster's girlfriend, Alexis Williams; and Turner and Foster's mother, Angela Gibson, were all at Gibson's residence on February 11, 2015. Turner began arguing with his mother about his drinking and smoking in her home. Foster objected to the way Turner was talking to their mother. Turner approached Foster with a knife and stabbed him. With Williams's help, Foster fled to a neighbor's house, but Turner pursued them, threatening to kill Foster. The neighbor called the police and Turner was apprehended. The paramedics were called and took Foster to the hospital, where he died as a result of the stabbing.

Turner was charged with first-degree murder. The trial information was amended as to count one, attempt to commit murder, and count two, going armed with intent. The amendment was pursuant to a plea agreement, and consistent with the agreement, Turner entered an *Alford* plea of guilty to the amended charges.

In addition to incarceration, Turner was ordered to pay Angela Gibson, Foster's heir, the sum of $150,000 in restitution, pursuant to Iowa Code section 910.3B (2015), and $37,553.91 in damages, pursuant to the statement of pecuniary damages filed by the crime assistance program. Turner has appealed from the part of the order that requires him to pay $150,000 to Gibson because of

Foster's death. Turner maintains Iowa Code section 910.3B precludes the assessment based on the victim's death because he only pled guilty to attempted murder. He contends the assessment violates the United States Constitution because he neither admitted he caused Foster's death nor was there a jury finding that he caused his death. Finally, Turner claims the order for restitution was entered as the result of ineffective assistance of counsel.

## II. Preservation of Error

The State does not contest error preservation as to Turner's claim that the mandatory $150,000 assessment does not apply following a conviction of attempted murder.

For error to be preserved, an issue must be raised before and ruled on by the district court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Turner did not raise a claim of the constitutional infirmity of the restitution order before the district court, and the district court did not rule on any constitutional issue. Although Turner does not indicate why his counsel was ineffective, one can assume his claim is that his counsel was ineffective for failing to raise the constitutionality of section 910.3B as an issue. A claim of ineffective assistance of counsel is an exception to the error preservation rule. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

## III. Standard of Review

Restitution orders are reviewed for errors of law. *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010). Claims of ineffective assistance of counsel are reviewed de novo. *Straw*, 709 N.W.2d at 133.

## IV. Discussion

### A. Restitution Order in the Event of a Death

Iowa Code section 910.3B(1) provides as follows:

> In all criminal cases in which the offender is convicted of a felony in which the act or acts committed by the offender caused the death of another person . . . the court shall also order the offender to pay at least one hundred fifty thousand dollars in restitution to the victim's estate if the victim died testate.

Both attempted murder and going armed with intent are felonies. *See* Iowa Code §§ 707.11, 708.8.

The minutes of testimony filed with the court included the trial information and the statement of the Polk County Medical Examiner that the victim's death was caused by a stab wound to the chest. Turner does not contend that his act was not the cause of Foster's death. Instead, he contends, by not pleading guilty to the murder charge, he did not admit his act caused Foster's death and since no jury found he caused the death, the assessment of the restitution was a violation of his constitutional right to a jury trial. He also contends that he is being punished for both an attempted murder and the murder itself, which constitutes cumulative punishment in violation of the rule prohibiting double jeopardy. *See State v. Ceretti*, 871 N.W.2d 88, 96 (Iowa 2015). The Double Jeopardy Clause only relates to multiple criminal punishments for the same offense, and the imposition of a restitution award does not implicate multiple punishments for the same criminal act. *State v. Izzolena*, 609 N.W.2d 541, 551-52 (Iowa 2000).

Section 910.3B only requires that a defendant be convicted of a felony and the act of the defendant caused the victim's death for the $150,000

assessment to be levied. Levying of the mandatory restitution is not dependent on a first-degree murder conviction under the terms of the statute. "Restitution orders are not limited by the parameters of the offense committed, but may be extended to any damages sustained by the victim of a crime which, with some exceptions, would be recoverable against the offender in a civil action." *State v. Mai*, 572 N.W.2d 168, 171 (Iowa Ct. App. 1997).

Section 910.3B has been determined on its face not to be the violation of a constitutional right against excessive fines or due process. *Izzolena*, 609 N.W.2d at 551. *Izzolena* leaves open the question of whether restitution in excess of $150,000 might sometimes be excessive and also suggests there might be some situations where the $150,000 might be excessive. *Id.* Turner has not claimed there were any special circumstances in his case. Instead, Turner contends that section 910.3B violates the Sixth Amendment to the United States Constitution by allowing the mandatory restitution to be set without a jury finding or a plea of guilty to an offense, which includes as one of its elements that his act was the proximate cause of Foster's death.

Under our statutory scheme, ordering restitution is a part of the sentencing procedure. Iowa Code § 910.2. The issue of causation under section 910.3B is a matter for the court to decide. *See Izzolena*, 609 N.W.2d at 553. Turner primarily relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for his claim that causation is a jury question under the Sixth Amendment. *Appendi* involved a New Jersey statute that allowed the length of a sentence to be increased beyond the maximum permitted by the applicable statute. 530 U.S. at 490. Under the statute, the extension of the sentence was permitted by court action and without

jury involvement. *Id.* The statute was declared unconstitutional as a violation of the Sixth Amendment. *Id.* at 491. The restitution order against Turner was the minimum amount mandated by the legislature and the statute contains no maximum.

One circuit court, in applying the federal restitution statute, has stated:

Even if *Appendi* covers all forms of punishment, restitution's not "clearly" punishment . . . .
. . . Restitution carries with it no statutory maximum; it's pegged to the amount of the victim's loss. A judge can't exceed the non-existent statutory maximum for restitution no matter what facts he finds, so *Appendi's* not implicated.

*United States v. Green*, 722 F.3d 1146, 1150 (9th Cir. 2013).

Our supreme court has noted with favor that federal authorities reject the requirement of a jury trial for a determination of criminal restitution. *State v. Jenkins*, 788 N.W.2d 640, 643 (Iowa 2010). A defendant does have the right to challenge causation before the court. *Id.* at 647. Turner, however, did not and does not challenge the factual basis for the court's finding of causation but contends that it was unconstitutional for the court, as opposed to the jury, to make the determination. The procedure used to assess the restitution was done in accordance with section 910.3B, and the statute is not unconstitutional.

*B. Ineffective Assistance of Counsel*

Turner claims ineffective assistance of counsel. Turner fails to specify what counsel did or did not do that constitutes ineffective assistance of counsel. Turner does not request that his plea of guilty be set aside or vacated. He only objects to the restitution order. His objection to counsel's performance is

assumed to be counsel's failure to object to the constitutionality of the restitution order.

Ordinarily ineffective assistance of counsel claims are reserved for postconviction relief but if the record is adequate to permit a ruling we will address the claim. *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000). In this case the record is adequate insofar as Turner raises the constitutionality of section 910.3B.

To prevail on a claim of ineffective assistance of counsel, the claimant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). As determined above, Turner's constitutional claim is without merit. Counsel is not ineffective for failing to make a meritless claim. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

We affirm the decision of the district court.

**AFFIRMED.**