**IN THE COURT OF APPEALS OF IOWA**

No. 17-0722
Filed February 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TYSHAWN JEMELL COSSOM,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt (plea) and Thomas A. Bitter (sentencing), Judges.

    A defendant appeals his sentences for stalking, assault with intent to inflict serious injury, and violation of a protective order. **AFFIRMED.**

    Sandra P. Trevino of Jensen & Trevino, P.C., East Dubuque, Illinois, for appellant.

    Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

    Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Tyshawn Cossom appeals the concurrent prison sentences imposed following his convictions for stalking in violation of a protective order and assault with intent to inflict serious injury, as well as his contempt sentence for a no-contact order violation. He alleges the district court considered faulty criminal-history information in the presentence investigation (PSI) report and abused its discretion when it declined the State's probation recommendation. Because the record reveals a proper exercise of sentencing discretion, we affirm.

Cossom has two children in common with Tanetra Giles. Giles called 911 in early December 2016, and responding officers found her bleeding from the right eye and elbow. She told them Cossom dragged her by the hair and kicked her in the face causing her injuries. The laceration to Giles's eye required ten stiches. A neighbor witnessed the assault and reported what she saw to police.

The State charged Cossom with stalking in violation of a protective order,[1] a class "D" felony, in violation of Iowa Code section 708.11(3)(b)(1) (2016); domestic abuse assault causing bodily injury while being a second offender, an aggravated misdemeanor, in violation of section 708.2A(2)(b) and (3)(b); and willful injury causing bodily injury, a class "D" felony, in violation of section 708.4(2). By late December, Giles recanted her accusations against Cossom. Cossom moved to dismiss the charges, but the district court denied the motion.

---

[1] The district court had ordered Cossom to stay away from Giles after a 2015 conviction for domestic-abuse assault.

In March 2017, Cossom reached a plea bargain with the State. He entered an *Alford*[2] plea to stalking in violation of a protective order and to assault with intent to inflict serious injury, an aggravated misdemeanor, in violation of section 708.2(1), as a lesser included offense of willful injury. Cossom also stipulated to a pending contempt violation of a no-contact order. In return, the State dismissed the other aggravated-misdemeanor assault charge. The State also agreed to recommend suspended five-year and two-year sentences, placement at a residential facility, formal probation of five years, and credit for time served toward the eighty-day contempt sentence. Cossom acknowledged at the plea hearing that the State's sentencing recommendations were non-binding on the district court. Cossom also agreed the evidence outlined by the State in the minutes of testimony established his guilt beyond a reasonable doubt for the stalking and assault offenses.

At his May 2017 sentencing hearing, Cossom offered "a number of corrections" to the PSI. He challenged several items listed in his criminal history. Defense counsel also highlighted Giles's recantation of what she reported to the investigating officers and medical personnel. Giles testified at the sentencing hearing that she did not believe it was a good idea for Cossom to go to prison because "his kids need him." During his allocution, Cossom admitted he had "quite a long criminal record" that he was "certainly not proud of." Defense counsel urged the court to honor the plea bargain, contending Cossom was "deserving of the

---

[2] Under *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), a defendant may consent to the imposition of a prison sentence without admitting participation in the crime.

opportunity" to complete programming at the halfway house. The prosecutor agreed the halfway house would provide Cossom the "structure" he needed.

The district court told the parties it had read the whole file, including the PSI. The court said, as a general matter, it gives strong consideration to the State's sentencing recommendation but also examines the criminal history provided in the PSI. The court noted in this case, the PSI indicated Cossom had "already been to prison twice in his young life. He's 24 years old." The court reasoned "with his criminal history and with the severity of what he did, I cannot say that probation is appropriate." The court decided to "run the two counts concurrent."

At Cossom's insistence, defense counsel reminded the court "the victim in this matter is admitting that her allegations were in great part not true." The court responded: "I heard that today. I also read in the Minutes of Testimony and in the complaint allegedly there was a witness that saw this incident and described it, and as I read it, it's extremely troubling." The court continued:

> [O]nly looking at the fact that he has pled to a stalking in violation of a protective order, assault with intent to inflict serious injury, and stipulated to having violated a no-contact order, with the criminal history he has, again, that is significant. It's hard to overcome, and it's troubling, and to me it warrants a prison sentence.

Cossom appeals the sentencing order.

We review Cossom's sentence for correction of legal error and will not reverse unless we find an abuse of discretion or a defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because his prison sentence was within the statutory limits, we entertain a presumption in

its favor. *See id.* A district court abuses its discretion when it chooses a sentence on untenable grounds. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

On appeal, Cossom argues "of the eighteen items listed in [his] criminal history, at least four are likely inaccurate, and another five charges stem from the present case." Cossom asserts because he entered an Alford plea he "did not admit to anything at his plea hearing." He also emphasizes Giles disavowed her initial report to police.

Sentencing courts are free to consider those portions of the PSI not challenged by the defense. *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000). The district court properly considered Cossom's two previous convictions that resulted in prison sentences. Cossom did not make an affirmative showing the district court took into account any unproven charges. *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998).

Moreover, the district court was entitled to rely on Cossom's *Alford* plea as proof of his involvement in the stalking and assault, despite the victim's recantation. *See generally Comm. on Prof'l Ethics & Conduct v. Sturgeon,* 487 N.W.2d 338, 340 (Iowa 1992) ("An *Alford* plea allows a defendant to plead guilty without admitting the elements of the offense. In such a plea the defendant acknowledges the evidence strongly negates the defendant's claim of innocence and enters the plea to avoid a harsher sentence."). The district court did not abuse its discretion in choosing a prison sentence based on Cossom's admittedly long criminal record and the nature of the violent assault on Giles. *See State v.*

*Mai*, 572 N.W.2d 168, 171 (Iowa Ct. App. 1997) (holding record of criminal history "confirms the propriety of the sentence imposed by the district court").

**AFFIRMED.**