# IN THE COURT OF APPEALS OF IOWA

No. 20-1064
Filed September 1, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**FREDDIE HELAI,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Freddie Helai appeals his sentence following a guilty plea to lascivious acts with a child. **AFFIRMED.**

Kevin Hobbs, Johnston, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Freddie Helai appeals the sentence imposed following a plea of guilty to lascivious acts with a child. Helai contends the district court did not adequately explain the reasons for ordering the imposed sentence. We find the district court provided sufficient reasons for the sentence. Accordingly, we affirm.

## I.      Background Facts and Proceedings

Freddie Helai pled guilty to lascivious acts with a child, in violation of Iowa Code section 709.8(1) (2015), on September 12, 2018. The plea agreement allowed both parties to argue for any lawful sentence. On April 1, 2019, he received a ten-year prison sentence. Helai appealed the sentence, alleging, among other things, that the district court relied on improper considerations when determining the sentence. This court vacated the sentence and remanded for resentencing based on a determination that the district court had committed error by considering improper sentencing factors. *State v. Helai*, No. 19-0550, 2020 WL 564806, at *2 (Iowa Ct. App. Feb. 5, 2020).

Following a second sentencing hearing, on August 13, 2020, Helai was sentenced to an indeterminate ten-year period of incarceration. The district court emphasized the sentence did not take into consideration the improper factors identified in this court's remand. Helai appeals, alleging the district court failed to adequately state its reasons for the sentence.

## II.      Standard of Review

We review a district court's sentencing decision for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A district court's decision to impose a particular sentence within its statutory authority will only be

overturned "if an abuse of discretion is shown." *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted); *see also Formaro*, 638 N.W.2d at 724 (noting a decision within the court's statutory authority "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.").[1] A district court abuses its discretion when "it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hill*, 878 N.W.2d 269, 270 (Iowa 2016) (citation omitted). A district court's exercise of discretion is unreasonable if "it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.*

### III.    Sentence

Helai argues the district court abused its discretion by failing to explain its reasons for imposing his sentence.[2] Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to "state on the record its reasons for selecting the particular sentence." District courts can satisfy the requirement by orally stating the reasons on the record, in a written order, or both. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014); *see also State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (noting how the court has used a sentencing colloquy in combination

---

[1] Both parties agree that the sentence is within the statutory authority granted to the district court. *See* Iowa Code § 902.9.

[2] The State contends we lack jurisdiction to consider the appeal due to Helai's failure to show good cause. Our supreme court has held, "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020)*.* Helai does not contest his guilty plea. He asserts only that the district court did not state sufficient reasons for his sentence. Helai's sentence was not mandatory nor part of a plea agreement. Consequently, Helai has demonstrated good cause for his appeal, and we may consider it. *See id.*

with a written judgment entry in order to determine the district court's reasoning). The court must "weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991).

A statement may be adequate even when it is "terse and succinct" if "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *Thacker*, 862 N.W.2d at 408. The court will reject boilerplate language and vague statements that force appellate courts to rely on post hoc rationalizations. *Id.* When the court's reasoning is not sufficiently clear on the record, it is appropriate to vacate the sentence and remand the case to the district court for resentencing. *Id.*

The district court provided its reasoning both in the written judgment order and during sentencing. The written order included, "The court determines that the above sentence is most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the [presentence investigation], if any." Similarly, the court orally explained its reasoning during sentencing:

> The court has considered a suspended sentence in this matter, but considering the circumstances of this offense including the fact that you were 22 years old at the time that this occurred, that your victim was only 12 years old, and also considering the recommendation of the presentence investigation report, the court determines that a prison sentence is appropriate.
> The court specifically notes that the court has not considered those matters which were determined to be inappropriate considerations at the time of the appeal.

From the record before us it is evident that the district court relied on several specific factors when making its determination, including the nature and circumstances of the offense, Helai's criminal record, and the recommendations of the presentence report and parties. While the court's reasoning was relatively succinct, the statement and record provide enough detail to permit review of the district court's exercise of discretion. *See Hill*, 878 N.W.2d at 274 (holding that the court's statement was adequate when it wrote "the reason for the sentence is protection of the community, seriousness of the crime, and the nature and circumstances of the offense"); *State v. Clemons*, No. 19-0642, 2020 WL 2487617, at *5–6 (Iowa Ct. App. May 13, 2020) (finding the court sufficiently stated its reasons when it based the sentence on the defendant's "criminal history, his previous problems on supervision, as well as the recommendation of the [presentence investigation]"); *State v. Mai*, 572 N.W.2d 168, 170 (Iowa Ct. App. 1997) (finding the court appropriately explained its sentencing decision based on "[t]he nature of the crime committed, age, past record, recommendations in the substance abuse evaluation, your blood-alcohol test result and the recommendations and facts included in the presentence investigation.").

The district court provided an adequate statement of appropriate considerations for the sentence imposed. Accordingly, we affirm.

**AFFIRMED.**