# IN THE COURT OF APPEALS OF IOWA

No. 23-0334
Filed September 27, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH RICARDO CRUZ CORDERO,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Bethany Currie, Judge.

A defendant appeals his sentence for sexual abuse in the third degree.
**AFFIRMED.**

Katherine R.J. Scott of New Point Law Firm, PLC, Ames, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Joseph Cruz Cordero (Cruz) appeals his sentence for sexual abuse in the third degree. The district court sentenced him to an indeterminate ten-year period of incarceration to be served consecutively with a sentence from another conviction. He alleges the court committed reversible error by failing to clearly state the reasons for the sentence. Finding adequate reasons for the sentence imposed, we affirm.

## I.      Background Facts and Prior Proceedings

Cruz's sentence for a 2021 conviction is before this court for a second time. *See State v. Cruz Cordero*, No. 21-1926, 2022 WL 10802870, at *1 (Iowa Ct. App. Oct. 19, 2022). Following his consent to a trial on the minutes of testimony, Cruz was convicted of sexual abuse in the third degree. Cruz was sentenced on December 7, 2021, to a term of incarceration not to exceed ten years, to be served consecutively with a sentence in a prior conviction. Cruz was already serving a twenty-five-year sentence for distribution of drugs to a minor, which he was ordered to serve concurrently with a ten-year sentence on a sexual-abuse-in-the-third-degree conviction that is distinct from the instant charge. Cruz appealed the December 2021 sentence, contending that the court considered improper factors. *Id.*. This court agreed, and the case was remanded for sentencing. *Id.*

Cruz was resentenced on February 27, 2023. He requested either that the court suspend his sentence and place him on probation or that the court run his sentence concurrently with his sentence from his prior conviction. The court imposed a sentence that mirrored the disposition from December 2021—an

indeterminate ten-year period of incarceration to be served consecutively with the sentence from a prior conviction. Cruz now appeals.

## II. Standard of Review

Sentencing decisions are reviewed for errors at law, but "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion is found when "we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## III. Sentencing

Cruz argues that the district court "failed to clearly and explicitly state its reason for imposing a term of incarceration," and "the court's stated reason for imposing a consecutive sentence was insufficient to allow appellate review of the discretionary action." Finally, Cruz asserts that the district court abused its discretion in failing to acknowledge the court's discretion to order a consecutive or concurrent sentence.

We turn first to Cruz's argument that the court failed to state sufficient reasoning for imposing a term of incarceration. A sentencing court must state on the record its reason for selecting a particular sentence. Iowa R. Crim. P. 2.23(3)(d) (2023). The reasons stated by the court must be sufficient for appellate review of the court's discretionary action. *State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016). However, those reasons need not be detailed. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). In fact, "a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review

of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989)).

At Cruz's resentencing, the court stated:

> In selecting this particular sentence for you I have considered your age, your education, your prior criminal history, particularly Hardin County FECR311825, but not only that, the nature of the offense committed and the harm to the victim, the need to protect the community, the State's recommendation, your attorney's recommendation, the recommendation of the presentence investigation report, your statement made here today as well as your written version of events that was contained in the presentence investigation report, . . . your character, propensities, needs and potential for rehabilitation, the need to deter you and others similarly situated from committing offenses of this nature.

We determine this court's stated reasons for the sentence are sufficient. In *State v. Mai*, 572 N.W.2d 168, 170 (Iowa Ct. App. 1997), we stated: "[t]he nature of the crime committed, age, past record, recommendations in the substance abuse evaluation, your blood-alcohol test result and the recommendations and facts included in the presentence investigation" was sufficient; it was "brief but nonetheless adequate." *Mai*, 572 N.W.2d at 170. This is distinguished from statements that have been found insufficient, including: "'[t]he Court has reviewed the circumstances of the offense, and the defendant's prior background, [sic].'" *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987).

The court's reasoning for the sentence resembles sentencing statements that we have found sufficient. *See, e.g., Mai*, 572 N.W.2d at 170. At the sentencing hearing, the court noted the many factors it considered. While Cruz argues another statement specifically declining to suspend the sentence was necessary, we reject this assertion. As we have stated: "[t]he court was not

required to separately state reasons for rejecting concurrent sentences, or for rejecting a suspended sentence and probation on the conviction . . . provided that it stated reasons for ordering the sentences to be served consecutively." *State v. Moore*, No. 08-0147, 2008 WL 5412315, at *2 (Iowa Ct. App. Dec. 31, 2008). We find no abuse of discretion concerning the imposition of a term of incarceration.

Cruz also argues that the court did not sufficiently state its reasoning for imposing consecutive sentences. Cruz argues the court's statement is insufficient largely because the court is unclear what reasoning it relied on in imposing a term of incarceration versus what reasoning it relied on in imposing consecutive sentences. We disagree.

Just as a district court must state its reasoning for the sentence, it must also state its reasoning for imposing consecutive sentences, and that statement must also be sufficient for appellate review. *Hill*, 878 N.W.2d at 273–74. In ordering the imposed sentences to run consecutively, the court stated:

> The reason for the consecutive sentences are these were different dates of offenses. In the 825 case the offense occurred on April 6, 2019. The offense in this case occurred July 25, 2019. There's a different victim. This is J.N. and in the 825 case the victim was T.N. They are factually separate offenses.

The statement of reasoning supporting consecutive sentences is sufficient. Even where the "statement of reasons for imposing consecutive sentences was extremely terse[,] [s]uch brevity of statement, however, does not necessarily handicap our review of the sentencing discretion." *State v. Carberry*, 501 N.W.2d 473, 478 (Iowa 1993). Where "it is reasonably clear from what was said that the judge imposed consecutive sentences based on his perception of the aggregate culpability of two separate and distinct heinous offenses," our supreme court has

found the statement of reasoning sufficient.  *Id.*  Here, the court's statement of reasoning made it clear that it was imposing consecutive sentences because of the different victims and separate date of offenses.

Cruz makes a final argument—that "*Hill* required the district court at sentencing . . . to acknowledge their discretion when choosing between concurrent and consecutive sentences."  Cruz argues that the court failed to acknowledge its discretion to choose between concurrent and consecutive sentences.

First, we do not read *Hill* to require such an explicit statement.[1]  But in any event, the record reflects the court's acknowledgment of its discretion.  The transcript of the court's remarks relevant to this issue read:

> The Court declines to suspend the prison term and in fact the sentence just imposed shall be served consecutively to the sentence in FECR311825.  The reason for the consecutive sentences are these were different dates of offenses. . . .  There's a different victim. . . .  They are factually separate offenses.

The court's statement demonstrates the court's exercise of its discretion to impose concurrent or consecutive sentences.

We find no abuse of discretion in the court's imposition of a period of incarceration or in the court's imposition of consecutive sentences.  Accordingly, we affirm.

**AFFIRMED.**

---

[1] The *Hill* court stated, "We cannot tell from the record whether the district court understood it had discretion under the statute to choose concurrent or consecutive sentences."  878 N.W.2d at 274.  We have not encountered this difficulty in the instant appeal.